Delbert Winston JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 40175.

Court of Criminal Appeals of Texas.

June 7, 1967.

Rehearing Denied July 19, 1967.

See also Tex.Cr.App., 416 S.W.2d 414.

Tom L. White, L. Holt Magee, Monahans, for appellant.

A. R. Archer, Jr., Dist. Atty., Monahans, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, life.

This case was tried after the effective date of the 1965 Vernon's Ann.Code of Criminal Procedure and prior to the decision of this Court in Rojas v. State, Tex. Cr.App., 404 S.W.2d 30, in which we held that the alternate procedure provided in Art. 37.07, Sec. 2, of said Code is not applicable in a capital case where the state is seeking the death penalty, and the punishment in such cases must be assessed by the jury and not the judge.

We reaffirm this holding, but point out, as we did in Williams v. State, Tex.Cr.App., 415 S.W.2d 917, this day decided, that a defendant pleading not guilty in a capital case where the state is seeking the death penalty is denied no constitutional or statutory right when, without objection or at his request, separate trials are had before the same jury on the issues of guilt or innocence and the punishment to be assessed.

The case before us is a capital case in which the District Attorney gave notice that the State would seek the death penalty. Without objection, the court submitted the issue of guilt or innocence of the defendant of the offense charged without authorizing the jury to pass upon the punishment to be assessed.

The jury having found appellant guilty of murder with malice, and appellant's counsel, after consulting with his client, having elected to have the court assess the punishment, the jury was discharged.

Prior to the hearing before the court on the question of punishment, appellant's counsel objected to proceeding further.

**414**

Appellant's objections and motions were overruled and the trial judge then proceded to hear evidence on the question of punishment and, at the conclusion of the hearing, assessed appellant's punishment at life.

In due time appellant filed motion in arrest of judgment which was overruled.

■ We are in accord with the trial court's holding that the constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. 31 Am.Jur. 40; 50 C.J.S. Juries § 78, p. 784; Williams v. Jones, Ky., 338 S.W.2d 693, cert. denied 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811.

■ We also point out that the provision of Art. 693 C.C.P. (1925) which required that if the plea is not guilty, in addition to finding the defendant guilty or not guilty, the jury "shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty". was omitted in the 1965 Code (see Art. 37.07, Sec. 1)—intentionally— (Art. 54.02, Sec. 2(a)) and was thereby repealed. (Art. 54.02, Sec. 1, C.C.P.)

Section 2 of Art. 37.07 C.C.P. provides a procedure whereby the judge may assess the punishment "In felony cases less than capital and in capital cases where the State has made known that it *will not* seek the death penalty * * *."

■ While the trial judge correctly ruled that no constitutional right to trial by jury was being denied, the provision of Art. 37.07, Sec. 2, above quoted reflects that it was the intention of the legislature that the judge would not be allowed to assess the punishment in a capital case where the state is seeking the death penalty.

■ The record is clear that the state was seeking the death penalty throughout appellant's trial, including the hearing before the court on the issue of punishment.

■ If the trial judge was without authority to assess the death penalty, he was without authority to assess any other punishment applicable to the offense of murder with malice so long as the state was seeking death as punishment.

■ The trial judge being without authority to assess the punishment, and no punishment having been assessed by the jury, the conviction cannot stand.

The judgment is reversed and the cause remanded.