**Ex parte Billy Wayne DOWDEN, Appellant.**

**No. 59889.**

Court of Criminal Appeals of Texas, En Banc.

May 2, 1979.

Billy Wayne Dowden, pro se.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, and Robert Huttash, State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

These proceedings involve a post-conviction application for writ of habeas corpus under Article 11.07, V.A.C.C.P.

On April 30, 1975 the petitioner pled guilty to the indictment charging that he, acting together with Clifford S. Blansett, killed the deceased, Danny Gray, by shooting him with a gun, knowing and being informed that Gray was a peace officer. He waived trial by jury. Punishment was assessed by the court of life imprisonment. Apparently the State had entered a plea bargain to waive the death penalty.[1]

The real thrust of his argument is that in a capital murder case an accused cannot waive trial by jury and the State may not waive the death penalty.

Article 1.14, V.A.C.C.P., provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law *except the right of trial by jury in a capital felony case.*" (Emphasis supplied.)

V.T.C.A., Penal Code, § 19.03, defines capital murder and provides in part:

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

"(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman;

"(2) * * *

"(b) An offense under this section is a capital felony.

"(c) If *the jury* does not find beyond a reasonable doubt that the defendant is guilty of an offense under this section, he may be convicted of murder or of any other lesser included offense." (Emphasis supplied.)

V.T.C.A., Penal Code, § 12.31, provides:

"(a) An individual adjudged guilty of a capital felony shall be punished by confinement in the Texas Department of Corrections for life or by death.

"(b) Prospective jurors shall be informed that a sentence of life imprisonment or death is mandatory on conviction of a capital felony. A prospective juror shall be disqualified from serving as a juror unless he states under oath that the mandatory penalty of death or imprisonment for life will not affect his deliberations on any issue of fact."

It is clear from a study of the Penal Code that capital murder is the only capital felony provided by such code. In the Practice Commentary to said § 19.03 it is written:

"Section 19.03 is a separate offense, punishable by a mandatory sentence of death or life imprisonment, see Section

1. The case was heard in the 182nd District Court of Harris County following a change of venue from Orange County.

12.31, and once an indictment is presented for capital murder the prosecutor may not waive the death penalty as he could under C.C.P. art. 1.14 before that article was amended by the Capital Felony Act of 1973. The offense's mandatory nature is the first of the constitutional bases touched by the legislature in recognition of the fact that three of the majority in *Furman*[2] objected to the death penalty essentially because of its discretionary application."

In *Batten v. State*, 533 S.W.2d 788 (Tex. Cr.App.1976), this court was confronted with an unusual fact situation. The trial judge took the position in that case that since the State had not filed a written notice that it would seek the death penalty within certain time limits the State had waived the death penalty. Overlooked was the fact that the statute on which the court relied had been amended and there was no longer such a requirement. The trial court ordered the trial to proceed as a capital murder trial but instructed the jury that the only possible penalty was life imprisonment. The trial court refused the defendant the procedures applicable to the trial of a capital felony case. The court refused the request for separate voir dire examination of the jurors and denied the defendant the fifteen peremptory challenges granted each party in a capital case under Article 35.-15(a), V.A.C.C.P. Upon a finding of guilt, the court did not submit the special issues

required by Article 37.071, V.A.C.C.P., but simply instructed the jury to assess life.

In *Batten* we held that the trial court erred in holding that the State had waived the death penalty and in limiting the number of peremptory challenges, etc., but then had to decide whether the error was reversible.

In *Batten* we stated:

"We agree that in the wake of *Furman* the Legislature has adopted a 'category of cases' view and has adopted a mandatory procedure to be followed in capital cases where the extreme penalties of death or life imprisonment are involved, and that it is not possible to say, absent a clear legislative expression, that the possibility of the imposition of the death penalty was the *sole* reason the Legislature mandated the procedure to be used in capital murder cases. Under the statutory scheme adopted, the State may not waive the death penalty, but even in cases such as the instant one where such waiver has been improperly permitted, the capital case procedures, including the right to fifteen peremptory challenges, are still applicable even though the only possible penalty under the circumstances would be life imprisonment."[3]

It is clear from what has been said that the State cannot waive the death penalty in capital murder cases, and that the petitioner could not validly waive the right to trial by jury.[4]

---

**2.** See *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

**3.** Nothing in *Batten* held that the State could not reduce a charge of capital murder to any lesser included offense, such as murder with its wide range of penalties. See V.T.C.A. Penal Code, §§ 19.02 and 12.32.

**4.** The dissent cites *Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App.1977), which distinguished *Batten* and which is distinguishable from the instant case. In *Allen* the defendant was sixteen years old at the time of the capital murder offense and could not be given the death penalty under V.T.C.A., Penal Code, § 8.07(d). He was certified for trial as an adult. He was given a jury trial on his not guilty plea with the capital felony procedures being followed at the guilt stage, such as being permitted fifteen peremptory challenges and allowed separate and

individual examination of the prospective jurors. He was not accorded a jury trial at the penalty stage of the trial because there was only one penalty—life imprisonment, and the jury's answers to the special issues under Article 37.071, V.A.C.C.P., would not have affected the penalty regardless of what they were, and because the law does not require a useless thing. Death was not a possible penalty because of the statute relating to Allen's age at the time of the offense, not because the death penalty was waived by the State, as in the instant case. He was accorded a jury trial and not permitted to waive trial by jury as in the instant case. He was permitted capital felony procedures where the appellant was not. *Allen* clearly is not controlling.

The dissent also misreads the *Batten* decision and the reasoning behind such decision.

The relief prayed for is granted, and petitioner is remanded to the custody of the Sheriff of Harris County to answer the indictment in Cause No. 225031 in the 182nd District Court.

It is so ordered.

ROBERTS, Judge, concurring.

As the majority ably points out, the plea bargain attempted in the present case is an impossibility for two statutory reasons: (1) An accused, in a capital felony case, cannot waive the right to trial by jury. Article 1.14, Vernon's Ann. C.C.P. (2) Capital murder is a separate offense, punishable by a mandatory sentence of death or life imprisonment and therefore, neither of these mandatory sentences can be waived by the State. V.T.C.A., Penal Code, Section 12.31.

In the present case, the State was not precluded from dismissing the capital felony indictment in order to proceed on an indictment or information for the lesser included offense of murder. Had this been done, a valid plea bargain could have been struck between the State and the appellant providing that in return for appellant's plea of guilty the State would recommend punishment at life imprisonment. Under our present capital felony scheme, this is the only possible way the State could have entered into a plea bargain such as the one sought in the present case.

For the reasons stated, I concur.

PHILLIPS and DALLY, JJ., join in this opinion.

DOUGLAS, Judge, dissenting.

The majority grants relief and holds that in a case where a capital offense is charged a defendant cannot waive a trial by jury after the State waives the death penalty.[1]

V.T.C.A., Penal Code, Section 12.31(a), provides that the punishment for a conviction for capital murder under V.T.C.A., Penal Code, Section 19.03, is limited to either life imprisonment or death. Death, however, is the permissible punishment only if the jury answers "yes" to the questions set out in Article 37.071, V.A.C.C.P. In addition, Article 1.14, V.A.C.C.P., states that a defendant accused of capital murder may not waive his right to a jury.

Appellant relies on *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976), for the proposition that the State may not waive the death penalty in a capital case.

Under the "category of cases" view, the five acts delineated as capital crimes are by their nature capital offenses regardless of whether the death penalty is to be imposed. *Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App. 1977); *Batten v. State*, supra. This reasoning, however, does not compel us to hold that the State may not waive the death penalty in a prosecution under V.T.C.A., Penal Code, Section 19.03, and no statute requires such a ruling.

The present Texas statutes relating to capital cases were passed in the wake of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and were an attempt by the Legislature to alleviate the constitutional infirmities of our former law, the most significant of which appeared to be unbridled discretion. This was also the reasoning behind the dictum in *Batten v. State*, supra. See Crump, *Capital Murder in Texas*, 14 Houston L.Rev. 531 (1977).

In *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), which was decided after *Batten*, the Supreme Court of the United States clarified its views on prosecutorial discretion. The defendant argued that the Georgia capital murder statute was unconstitutional because the prosecutor had "unfettered authority to select those persons whom he wishes to prosecute for a capital offense and to plea bargain with them." He also complained of the jury's ability to convict only for a lesser included offense and the governor's authority to commute the sentence. In answering these contentions the Supreme Court wrote:

---

1. See *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977), for a summary of the facts of the offense.

"In order to repair the alleged defects pointed to by the petitioner, it would be necessary to require that prosecuting authorities charge a capital offense whenever arguably there has been a capital murder and that they refuse to plea bargain with the defendant. If a jury refused to convict even though the evidence supported the charge, its verdict would have to be reversed and a verdict of guilty entered or a new trial ordered, since the discretionary act of jury nullification would not be permitted. Finally, acts of executive clemency would have to be prohibited. Such a system, of course, would be totally alien to our notions of criminal justice.

"Moreover, it would be unconstitutional. Such a system in many respects would have the vices of the mandatory death penalty statutes we hold unconstitutional today in *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), and *Roberts v. Louisiana*, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976)."

It is, therefore, apparent that to hold that the State may not waive the death penalty in a capital case is to deny both the State and the defendant the ability to plea bargain in an appropriate case. Such a restriction was condemned in *Gregg*. The law has changed since *Batten* was written. A contrary holding would not only render our entire capital punishment system constitutionally suspect but would also require a determination of at what point in the innumerable steps of the criminal justice system does a case become a capital offense and could conceivably restrict the State's ability to accept a plea to a lesser included offense.

The State should be able to waive the death penalty while retaining the capital feature of offense, it logically follows that it is appropriate for a trial court to accept a plea of guilty in such a case and impose a life sentence.

The question presented, however, is whether this guilty plea may be accepted by the trial judge without impaneling a jury.

In *Allen v. State*, 552 S.W.2d 843 (Tex.Cr. App.1977), the defendant was stipulated to have been sixteen (16) years of age on the date of the offense and, therefore, could not be sentenced to death under V.T.C.A., Penal Code, Section 8.07(d). After returning a verdict of guilty, the trial jury was dismissed and the court assessed punishment at life imprisonment. In affirming the conviction we said:

"While a jury is ordinarily required in all capital murder cases at the 'sentencing proceeding' by virtue of the provisions of Article 37.071, [and Article 1.14] the very purpose of the jury at such stage of bifurcated trial is to answer the special issues submitted to them. Dependent upon the answers, the court then, not the jury, assess[ed] the punishment. However, in the instant case it would be irrelevant what evidence would have been offered or how the jury answered the issues submitted because the only permissible punishment was imprisonment for life. To hold that a jury was required to hear evidence and answer special issues in the instant case would be to require a useless thing. The law does not require a useless thing to be done. We do not believe the Legislature intended such a result."

We have held that an accused has no constitutional right to have a jury assess punishment. See *Jones v. State*, 502 S.W.2d 771 (Tex.Cr.App.1973); *Emerson v. State*, 476 S.W.2d 686 (Tex.Cr.App.1972).

To require that a jury be impaneled for the sole purpose of receiving the defendant's guilty plea is a time consuming, expensive and useless thing unintended by the Legislature. A plea of guilty to the court rather than the jury does not render the plea less credible. Since the death penalty was not being sought, the court could impose only one sentence, life. There, as in *Allen*, the function of the jury would be perfunctory at best.

Another factor in allowing the accused to plead before the court is to ensure the enforcement of the plea bargain. After hearing the defendant's admission of guilt, a

jury would be free to disregard the bargain and answer the questions under Article 37.-071 affirmatively, thereby tying the hands of both the prosecution and the court.

It is only where death is at stake or the defendant professes innocence that the procedural safeguards provided by Articles 1.14 and 37.071 and Section 12.31, supra, become imperative and essential for due process. No sentence of death may be carried out until after there has been an appeal to the Court of Criminal Appeals and one will not be affirmed unless the trial has been before a jury. See Article 37.071(f), V.A.C.C.P.

As noted above, the safeguards herein referred to were passed in response to *Furman* and have been modified by the decisions of this Court and the Supreme Court of the United States. In decreeing that a defendant may not waive his right to a jury in a capital case, the Legislature did not intend to do a useless thing. However, requiring a jury to be impaneled merely to accept the accused's guilty plea and assess the only punishment sought would be useless indeed. Accordingly, in construing Articles 1.14 and 37.071, V.A.C.C.P., and V.T.C.A., Penal Code, Sections 19.03 and 12.31, we should hold that an accused may not waive his right to a jury trial in any capital felony case except where he agrees to plead guilty to the capital charge in return for a promise that the State will not seek the death penalty against him.

The majority relies upon *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976). In that case the trial judge erroneously thought that the State had waived the death penalty by not filing a written notice that it would seek the death penalty. The court refused separate voir dire examination of prospective jurors and denied fifteen peremptory challenges granted each party in a capital case under Article 35.15, V.A.C.C.P. The only instruction on punishment was for the jury to assess it at life.

The Court in *Batten* held that there was a "category of cases" view and the mandatory procedure had to be followed, and that the State cannot waive the death penalty and that a defendant in a capital murder case cannot waive a jury.

There is no reason for such a rule because a defendant cannot be assessed the death penalty when a jury has been waived. Allowing the waiver of the death penalty is beneficial to a defendant. It takes away the possibility that he could be executed for the offense. The *Batten* case should be overruled. As Justice Brandeis said in *DiSanto v. Pennsylvania*, 273 U.S. 34, 43, 47 S.Ct. 267, 71 L.Ed. 524 (1927), "The logic of words should yield to the logic of realities."

Since appellant did plead guilty voluntarily and his punishment was assessed at life, his contention should be overruled.

The relief sought should be denied.

ODOM and W. C. DAVIS, JJ., join in this dissent.