**Ex parte Roy Ordria McCLELLAND.**

**No. 62660.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 7, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

The petitioner contends, inter alia, that he was charged with capital murder in a one-count indictment which alleged he committed the offense on or about August 14, 1975. On July 12, 1976, the State, with the approval of the court, reduced the offense charged to murder, the petitioner waived trial by jury, and entered a guilty plea before the court to the offense of murder. His punishment was assessed by the court at life imprisonment.

Petitioner now complains that he was indicted for capital murder and that the court was without authority to accept his guilty plea without a jury being impaneled. It is argued that once an individual is indicted for capital murder under V.T.C.A., Penal Code, § 19.03, that offense cannot be reduced to murder, and that a defendant cannot plead guilty to murder under such circumstances unless there is a second count in the indictment charging murder under V.T. C.A., Penal Code, § 19.02, to which the guilty plea is entered, or unless there is a reindictment for murder. Although there was an evidentiary hearing before the convicting court, little attention was given to this allegation of the petitioner, and no mention of the same (allegation) was made in the Findings of Fact and Conclusions of Law of the trial court. There is no dispute, however, that petitioner was indicted in a one-count indictment for capital murder and that it was later reduced to murder by the State and that he pled guilty to murder before the court on the same indictment.

When petitioner's application for writ of habeas corpus was received by this court, it was filed and submitted only to review the above discussed contention.

V.T.C.A., Penal Code, § 19.02, defines "murder," a non-capital offense, which is a first degree felony. V.T.C.A., Penal Code, § 19.03 (capital murder), provides as follows:

"(a) *A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code* and:

"(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman;

"(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson;

"(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration;

"(4) the person commits the murder while escaping or attempting to escape from a penal institution; or

"(5) the person, while incarcerated in a penal institution, murders another who is employed in the operation of the penal institution.

"(b) An offense under this section is a capital felony.

"(c) If the jury does not find beyond a reasonable doubt that the defendant is guilty of an offense under this section, *he may be convicted of murder or of any*

*other lesser included offense."* (Emphasis supplied.)

Article 37.08, V.A.C.C.P., provides:

"In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."

Article 37.09, V.A.C.C.P., provides:

"An offense is a lesser included offense if:

"(1) *it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;*

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense." (Emphasis supplied.)

 Whether one offense bears such a relationship to the offense charged so as to constitute a lesser included offense must be by a case by case determination, *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976), and the newer statutory scheme of lesser included offenses does not restrict jurisdiction of the trial court, once properly invoked to try the offense charged, to proceed to judgment on a lesser included offense. *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App. 1975).

 It is clear that murder is a lesser included offense of capital murder, and the State may, like in cases where the offense charged include lesser offenses, reduce the offense charged to the lesser included offense. Appellant relies upon *Ex parte Dowden,* 580 S.W.2d 364 (Tex.Cr.App.1979), but such reliance is misplaced. There was no reduction to a lesser included offense in *Dowden.* There, Dowden was charged with capital murder. Apparently the State, as part of a plea bargain, waived the death penalty and Dowden was permitted to waive trial by jury and enter a plea of guilty to the capital murder indictment. He was assessed life imprisonment. After citing *Batten v. State,* 533 S.W.2d 788 (Tex. Cr.App.1976), the *Dowden* opinion stated:

"It is clear from what has been said that the State cannot waive the death penalty *in capital murder cases,* and that the petitioner could not validly waive the right to trial by jury." (Emphasis supplied.)

Nothing said in *Batten* or *Dowden* held that the State could not reduce a charge of capital murder to the lesser included offense of murder with its wide range of penalties. See footnote 3 of the *Dowden* opinion.[1]

The petitioner is not entitled to the relief sought, and the application for writ of habeas corpus is denied.

---

1. Some confusion may have been caused by the language in the concurring opinion in *Dowden* and its suggestion about dismissing the capital murder indictment and re-indicting for murder.