**Ex parte Robert D. JACKSON.**

**No. 65805.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post–conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

Petitioner first filed his application for habeas corpus with the convicting court where the court without a hearing denied the application in a written order without findings, except that allegations of the application, if true, would not render petitioner's confinement illegal.

Appellant contends that he was charged by the grand jury with capital murder during the course of an attempted robbery on or about July 15, 1973; that he was illegally convicted of said offense on his guilty plea when the State was allowed to waive the death penalty and he was allowed to waive trial by jury.

The record reflects that on October 25, 1973 the State announced it would not seek the death penalty and the petitioner then waived trial by jury and entered a guilty plea to the indictment charging capital murder. Life imprisonment was imposed.

In *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr.App.1979), it was held that the State cannot waive the death penalty in a capital murder case and that a defendant cannot waive the right of trial by jury.

 We find *Dowden* dispositive of the question before us. The only difference between *Dowden* and the instant case is

that in *Dowden* V.T.C.A., Penal Code, § 19.03, was in effect and in the instant case the 1973 amendment of Article 1257(b)(2), V.A.P.C., 1925 (Acts 1973, 63rd Leg., p. 1122, ch. 426, Art. 1, § 1, eff. June 14, 1973), was in effect. The 1973 amendment to Article 1.14, V.A.C.C.P. (Acts 1973, 63rd Leg., p. 1127, ch. 426, Art. 3, § 5, eff. June 14, 1973), was and is applicable in both cases.

■ This was not a case where the offense of capital murder was reduced to the lesser included offense of murder prior to the guilty plea and waiver of trial by jury. See *Ex parte McClelland*, 588 S.W.2d 957 (Tex.Cr.App.1979).[1]

The relief prayed for is granted, and the petitioner is remanded to the custody of the Sheriff of Travis County to answer the indictment in Cause No. 45,576 in the 167th District Court.

It is so ordered.

ODOM, Judge, concurring.

I concur in the decision that relief must be granted in this case. I write to point out additional evidence of the legislative intent on the issue in this case, and to call the attention of the legislature to the need for corrective legislation on the matter.

*Ex parte Dowden*, 580 S.W.2d 364, which controls our decision today, was decided by relying on the express statutory mandate of Art. 1.14, V.A.C.C.P., which provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

This statute was applied to V.T.C.A., Penal Code Secs. 19.03 and 12.31, in reasoning that need not be repeated here.

An additional and perhaps stronger reason supports the decisions in *Dowden*, supra, and in this case. In Acts 1973, 63rd Leg., p. 1127, ch. 426, the legislature enacted amendments to the 1925 Penal Code, the 1974 Penal Code, and the Code of Criminal Procedure, which created the capital murder statutory scheme that went into effect on June 14, 1973, and continued in effect under the newly enacted Penal Code on January 1, 1974. The mandatory language of Art. 1.14, supra, was enacted as an integral part of that statutory scheme. It was enacted along with the establishment of (1) capital murder in Sec. 19.03 of the present penal code, (2) capital murder in Art. 1257(b) of the 1925 Penal Code, (3) the classification of felonies and creation of the category of capital felonies in Sec. 12.04 of today's code, (4) the punishment for capital felonies in Sec. 12.31 of today's code, and (5) the procedure for the punishment stage in capital cases of Art. 37.071, V.A.C.C.P. The enactment of the mandate of Art. 1.14, supra, as part of this comprehensive statutory scheme for capital felonies dictates the conclusion that the reference in Art. 1.14 to "a capital felony case" refers specifically to any capital felony case, and not just to a capital felony case in which the death penalty is sought.

Additionally, a comparison of Art. 1.14, supra, of today (quoted above) with the language of that statute before the 1973 amendment (set out below) further supports the conclusion that the legislative intent is honored in today's decision as it was in *Dowden*, supra. Before amendment Art. 1.14 provided:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the

1. The concurring opinion expresses concern about the lack of "plea bargaining" in capital murder cases and need for legislative action. It should be noted that while trial by jury cannot be waived by one charged with capital murder if the plea bargain is for a recommended punishment of life imprisonment, the State may reduce the capital murder charge to the lesser included offense of murder (V.T.C.A., Penal Code, § 19.02) and then the defendant may waive trial by jury and a life sentence can be imposed (V.T.C.A., Penal Code, § 12.32).

court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty, nolo contendere, or not guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."

The language deleted from Art. 1.14, supra, by the 1973 amendment did expressly allow waiver of a jury when the death penalty was not sought. By removing that provision of the prior law and enacting the current version of Art. 1.14 in absolute terms as part of the present capital felony statutory scheme, the legislature expressed a clear intent to abolish the prior practice that cannot be denied.

The second reason I write today is to express my view that it serves no purpose to prohibit a plea bargain in a capital case, as apparently was made in this case. While the legislature in 1973 may have amended Art. 1.14, supra, out of an abundance of caution in the wake of *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), subsequent pronouncements by the Supreme Court have shown that the exercise of prosecutorial discretion is not incompatible with a constitutional death penalty scheme, and plea bargaining in such cases has been expressly approved. *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 3909, 49 L.Ed.2d 859 (1976). Our legislature has approved the practice of plea bargaining. See Arts. 26.13(a)(2), (3) and 44.02, V.A.C.C.P. The legislature may wish to amend Art. 1.14, supra, so that plea bargaining may again be a permissible practice in capital felony cases. This Court is not the proper forum to restore that practice.

I concur in the judgment.