**Ex parte Oliver John BAILEY, Jr.**

No. 68232.

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1981.

Rehearing Denied Nov. 25, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The judge of the convicting court has made the following findings of fact on the applicant's petition for habeas corpus relief from a felony conviction (V.A.C.C.P. Article 11.07, Sections 2–5):

"1.  Petitioner was indicted on March 7, 1974 for Capital Murder under Section 19.03, Texas Penal Code, said offense allegedly having occurred on or about February 22, 1974;

"2.  Petitioner was tried before a jury and convicted [sic] of Capital Murder on May 3, 1974;

"3.  After the verdict, Petitioner's attorneys withdrew their request to go to the jury for punishment on the agreement of the State and on the Court's guarantee to assess life imprisonment."

The convicting court also has sent us the judgment, the sentence, and the docket sheets from which we learn that the trial court dismissed the jury and assessed life imprisonment as punishment on May 3, 1974.  We also glean the facts that the applicant had pleaded not guilty and that he did not perfect an appeal from his conviction.  (The petition also alleges that he did not appeal.)

A defendant cannot waive trial by jury in a capital felony case.  V.A.C.C.P. Article 1.14.  Habeas corpus relief will be granted when a defendant has been convicted of a capital felony without the verdict of a jury.  *Ex parte Jackson*, 606 S.W.2d 934 (Tex.Cr.App.1980); *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr.App.1979).  The verdict is not complete until the jury has rendered a completed verdict on punishment.  *Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App.1980). Therefore habeas corpus relief will be granted in this case.

The applicant's conviction in cause 4698 in the 9th Judicial District Court of Waller County is set aside.  The applicant is remanded to the custody of the Sheriff of Waller County to answer the indictment pending in that cause.

ONION, Presiding Judge, concurring.

The question presented by this Article 11.07, V.A.C.C.P., proceeding is whether a defendant in a capital murder case may, at the penalty stage of the bifurcated trial, waive trial by jury and permit the trial court to assess punishment.  Necessarily included are questions of the right of the State to waive the death penalty, and of the authority of the trial court to assess punishment, if such waiver by the State is not proper and death is still a viable penalty.

The trial court's findings reflect that the applicant was indicted for capital murder on March 7, 1974, the offense being alleged to have occurred on or about February 22, 1974.  On May 3, 1974, the applicant was found guilty of capital murder by a jury at the guilt stage of the trial.  According to the trial court's findings, applicant's attorneys, prior to the penalty stage of the trial, "withdrew their request to go to the jury for punishment on the agreement of the State and on the Court's guarantee to assess life imprisonment."

The docket sheet supports only the finding that the petitioner moved to withdraw the punishment issue from the jury.  The judgment reflects the verdict of guilty and that the court assessed punishment at life imprisonment for capital murder.  Sentence was imposed.  No appeal was taken.

*Bullard v. State*, 548 S.W.2d 13 (Tex.Cr. App.1977), discussed at length the fact that a defendant in a criminal case has no constitutional right to trial by jury on the issue of punishment, but noted our statutory capital murder scheme was different.  There this court wrote:

"Under this statutory scheme there must nearly always be a jury at the penalty stage of every capital murder case.  See Article 37.071, Vernon's Ann.C.C.P. It is a right that cannot be waived.  See Article 1.14, Vernon's Ann.C.C.P.; *Houston v. State*, 162 Tex.Cr.R. 551, 287 S.W.2d 643 (1956), cert. den. 351 U.S. 975, 76 S.Ct. 1042, 100 L.Ed. 1492 (1956)."

It is now well established that a defendant in a capital murder case cannot validly waive trial by jury. Articles 1.14, V.A.C.C.P.,[1] and 37.071, V.A.C.C.P.; V.T.C.A., Penal Code, §§ 19.03 and 12.31; *Bullard v. State*, supra; *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr.App.1979); *Eads v. State*, 598 S.W.2d 304, 307 (Tex.Cr.App.1980); *Ex parte Jackson*, 606 S.W.2d 934 (Tex.Cr.App. 1980). And this rule would apply regardless of the time of the attempted waiver. Further, in such cases the State cannot waive the death penalty. *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976); *Ex parte Dowden*, supra; *Ex parte Jackson*, supra.

It is also clear from our statutory capital murder scheme (V.T.C.A., Penal Code, §§ 19.03 and 12.02; Articles 1.14 and 37.-071, V.A.C.C.P.) that it was the intention of the Legislature that a judge would not be permitted to assess the death penalty.

Thus, even if it could be said that the applicant waived trial by jury,[2] the State could not waive the death penalty and the trial judge would be without authority to assess punishment. See and cf. *Jones v. State*, 416 S.W.2d 412 (Tex.Cr.App.1967).[3]

For the reasons stated, I concur.

The dissenting opinion appears to view the question presented as a failure to follow the provisions of Article 37.071, supra, rather than a question of the right to waive trial by jury.

I write further because the dissenting opinion misconstrues and mischaracterizes *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976), and *Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App.1977), which this writer authored for the court.

The dissent concludes:

"Since *Allen v. State*, supra, and *Batten v. State*, supra, hold that failure to

---

1. Article 1.14, supra, reads:
   "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case." (Acts 1973, 63rd Leg., p. 1127, ch. 426, Art. 3, § 5, eff. June 14, 1973.)

2. There was certainly no written jury waiver. Cf. Article 1.13, V.A.C.C.P., applicable to felony cases less than capital.

3. After the adoption of the capital murder procedure by the Legislature, some confusion arose when dealing with the possibility of a plea bargain in a capital murder case.
   In the concurring opinion in *Ex parte Jackson*, supra, it was observed that prior to the 1973 amendment (Acts 1973, 63rd Leg., p. 1127, ch. 426, Art. 3, § 5, eff. June 14, 1973) to Article 1.14, V.A.C.C.P., such statute expressly provided that where the State did not seek the death penalty that the defendant could waive trial by jury and the death penalty could not be imposed. Such opinion then stated:
   "The language deleted from Art. 1.14, supra, by the 1973 amendment did expressly allow waiver of a jury when the death penalty was not sought. By removing that provision of the prior law and enacting the current version of Art. 1.14 in absolute terms as part of the present capital felony statutory scheme, the legislature expressed a clear intent to abolish the prior practice that cannot be denied."
   The opinion then suggested that the Legislature may wish to again amend Article 1.14, supra, and permit plea bargaining in capital

felony cases. This has not yet been done. This may be due in part to the recourses open to the parties in a capital murder case where there is agreement that the proper punishment under the facts should be life imprisonment rather than death.
   The offense of capital murder, however, may be reduced by the State with the approval of the trial court to the lesser included offense of murder (V.T.C.A., Penal Code, § 19.02). Then the defendant may waive trial by jury, enter a guilty plea, and the plea bargain of life imprisonment may be imposed (V.T.C.A., Penal Code, § 12.32). See *Ex parte McClelland*, 588 S.W.2d 957 (Tex.Cr.App.1979). See also *Ex parte Dowden*, supra, footnote # 3; *Ex parte Jackson*, supra, footnote # 1.
   Further, the State is not precluded from dismissing a capital murder indictment in order to proceed on an indictment or felony information for the lesser included offense of murder. Thereafter, a valid plea bargain can be struck between the State and the defendant that the defendant enter a guilty plea or nolo contendere plea for the State's recommendation of life imprisonment to the court for murder after waiver of trial by jury. See concurring opinion, *Ex parte Dowden*, 580 S.W.2d 364, 367 (Tex.Cr.App.1979).
   (Said concurring opinion stated: "Under any present capital felony scheme, this is the only possible way the State could have entered into a plea bargain such as the one sought in the present case." In this the concurring opinion was in error. See *Ex parte McClelland*, supra.)

744

follow Article 37.071, supra, will not result in a reversal absent harm to the defendant and since the applicant was not harmed and consented to the procedure, I must dissent."

Since *Allen* and *Batten* did not so hold, the bench and the bar should not be misled.

*Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App.1977), held that V.T.C.A., Penal Code, § 8.07,[4] had to be read with §§ 19.03, 12.-31(a), and Articles 37.071 and 1.14, V.A.C.C.P., and that where the undisputed evidence shows that the defendant was under seventeen years at the time of the offense the death penalty could not be imposed. There the trial court did not err in excusing the jury at the penalty stage of the trial and assessing the punishment at life imprisonment since that was the only punishment that could have been assessed under the circumstances as the punishment became fixed by law.

The case did not discuss the need for the defendant to show harm for failure to follow Article 37.071, V.A.C.C.P.

In *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976), an adult defendant was charged with capital murder. Prior to trial the court took the position the State had waived the death penalty since it had not filed written notice it would seek the death penalty, relying upon the provisions of Article 1.14, V.A.C.C.P. Such statute had previously been amended in 1973 to eliminate the requirement of such written notice. The trial court was in error. Since the court no longer considered death a possible punishment, it refused to permit the defendant to exercise 15 peremptory challenges as to prospective jurors as permitted in capital cases or to voir dire the prospective jurors individually separate and apart from the entire panel.

The court held that in enacting the capital murder procedure scheme the Legislature had adopted a category of cases view rather than a penalty view of the offense and that even if the death penalty was

eliminated (although in error) the defendant was still entitled to the 15 peremptory challenges and to separate individual voir dire examination of prospective jurors, and the trial court was in error in refusing such procedures. The failure to follow Article 37.071, V.A.C.C.P., was not the basis for the reversal.

The dissent also attempts to disparage *Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App. 1980). It states that *Eads* was (1) a panel decision where (2) no motion for leave to file a motion for rehearing was made, and that (3) it had never been cited as authority. I did not know before today that any of these things disqualified a signed opinion of this court from being considered as an authority. The dissent also faults *Eads* for failing to address *Allen*. *Eads* dealt with the acceptance of an incomplete verdict, and *Allen* dealt with a punishment fixed by law and assessed by the court because the defendant was under seventeen years of age at the time of the offense. It was for these reasons *Allen* was not mentioned or cited in *Eads*, both of which opinions were authored by this writer for the court.

I concur in the result reached by the majority and decry the dissent's approach.

TOM G. DAVIS and TEAGUE, JJ., join in this opinion.

McCORMICK, Judge, dissenting.

In *Allen v. State*, 552 S.W.2d 843 (Tex.Cr.App.1977), a defendant was indicted for capital murder committed while he was a juvenile. V.T.C.A. Penal Code, Section 8.07, prohibited the execution of a person if that person committed the offense before he was seventeen. Therefore, the death penalty could not have been inflicted. After the defendant was found guilty by a jury of capital murder, the trial court discharged the jury and assessed punishment at life in the Texas Department of Corrections, in obvious contravention of Article 37.071, V.A.C.C.P. This Court held that

4. Said § 8.07(e) at the time of Allen's trial (now § 8.07(d), provided:

"No person may, in any case, be punished by death for an offense committed while he was younger than 17 years."

there was no reversible error in discharging the jury and having the court assess punishment, saying:

"While a jury is *ordinarily* required in all capital murder cases at the 'sentencing proceeding' by virtue of the provisions of Article 37.071, supra, the very purpose of the jury at such stage of the bifurcated trial is to answer the special issues submitted to them." *Allen v. State*, supra, at 846 (Emphasis supplied)

In concluding that the failure to follow the statutory mandate requiring a jury to answer the Article 37.071 questions at the punishment stage of a capital murder trial was not per se reversible, the Court in *Allen* said:

"To hold that a jury was required to hear evidence and answer special issues in the instant case would be to require a useless thing. The law does not require a useless thing to be done. We do not believe the Legislature intended such result."[1] *Allen v. State*, supra, at 846.

Obviously, therefore, not every instance of the trial court assessing punishment in a capital case without the jury answering the Article 37.071 questions is reversible. The concurring opinion acknowledges that the trial court in *Allen* "did not err in excusing the jury at the penalty stage of the trial and assessing the punishment at life imprisonment."

This case is distinguishable from the cases that the majority contends mandate that relief be granted. In neither *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr.App.1979), nor *Ex parte Jackson*, 606 S.W.2d 934 (Tex. Cr.App.1980), was the defendant convicted of capital murder by a jury. In both cases, the defendants pled guilty to the court in exchange for a life sentence. Both, therefore, gave up something that the Legislature, via Article 1.14, V.A.C.C.P., specifically said they could not. In those cases, a jury might have found them not guilty or guilty of a lesser included offense. However, they gave up that right to a jury

determination. They sacrificed a right, albeit consensually, which the Legislature had prohibited them from yielding. It can be said then that they may have been "harmed" by their actions.

In the case at bar, however, twelve citizens had determined beyond a reasonable doubt that the applicant was guilty of capital murder. All procedural safeguards that must accompany a capital murder trial were apparently complied with. Compare, *Batten v. State*, 533 S.W.2d 788 (Tex.Cr. App.1976). In *Batten*, this Court held that it was error to allow the State to waive the death penalty in a capital case and not have the jury answer the Article 37.071 questions, but this Court did not stop there. It said that the next issue was whether the error was harmful to the defendant. Since, in that case, the defendant was denied individual voir dire and denied fifteen peremptory challenges, she was harmed and the case was reversed. The trial court in *Batten* did not comply with Article 37.071, supra, and the jury did not answer the Article 37.071 questions. This Court required the defendant to show harm before reversing the cause.

Here, after the verdict of guilty was returned, only two punishments were possible, death or life in prison. Bailey received the lightest possible penalty and he consented to the proceedings. How was Oliver Bailey harmed by his allowing the trial court to assess punishment?

In 24A C.J.S. *Criminal Law* § 1887, page 872 (1962), it says:

"It is a rule of practically universal application in appellate procedure that accused cannot avail himself of error as a ground for reversal where the error has not been prejudicial to him."

See also *Lacy v. State*, 424 S.W.2d 929 (Tex.Cr.App.1968), holding that absent injury to a defendant a case will not be reversed.

---

1. Nor do I believe that the Legislature intended such a result as the one reached by the majori-    ty today.

In *McElroy v. State*, 528 S.W.2d 831 (Tex. Cr.App.1975), the trial court allowed the State to introduce a prior conviction at the punishment hearing and erroneously denied the defendant the right to show a subsequent order setting aside the sentence. This Court held that such action by the trial court violated Article 38.24, V.A.C.C.P. However, since the defendant received the minimum possible punishment, the case was not reversed because the defendant had not been harmed.

*Marini v. State*, 593 S.W.2d 709 (Tex.Cr. App.1980), was a capital case in which life in prison was the punishment assessed. The defendant complained of an alleged error in the admission of certain evidence in the punishment phase of the trial. The Court stated: "Suffice it to say that any grounds of error relating to the punishment stage need not be considered when an appellant receives the most favorable verdict possible." 593 S.W.2d at 716. In *Phelps v. State*, 594 S.W.2d 434 (Tex.Cr.App.1980), this Court also held that a case would not be reversed for errors committed during the punishment phase of a capital murder trial if the defendant received life in prison. See also, *Sanne v. State*, 609 S.W.2d 762 (Tex. Cr.App.1980).

*Eads v. State*, 598 S.W.2d 304 (Tex.Cr. App.1980), cited by the majority, was a panel decision of this Court. No motion for leave to file a motion for rehearing was made. It has never been cited as authority before today. It failed to address the case of *Allen v. State*, supra.

However, *Eads* can be distinguished from the case before us. In *Eads*, the case was submitted to the jury at punishment and the jury failed to reach a verdict after deliberating. *Eads* said that the trial court erred in then discharging the jury and assessing a punishment of life in the Texas Department of Corrections. *Eads* was based on Article 37.07, Section 3 c, V.A.C. C.P., providing that where punishment is referred to the jury, if the jury fails to agree on a punishment, a mistrial is to be declared. The defendant in *Eads* objected to the discharge of the jury and assessment of punishment by the court. Here, applicant consented to the procedure used and the matter of punishment was never referred to the jury. Therefore, Article 37.07, Section 3 c, V.A.C.C.P., is not applicable.

The concurring opinion has devoted much effort toward protecting the bench and bar from being misled by this dissent. If the bench and bar are, in fact, misled, it occurred, not today, but on February 25, 1976, with the opinion in *Batten v. State*, supra, and again on June 29, 1977, with the opinion of *Allen v. State*, supra. It is satisfying that the bench and bar can now relax in the assurance of knowing what was really meant in those two opinions.

Since *Allen v. State*, supra, and *Batten v. State*, supra, hold that failure to follow Article 37.071, supra, will not result in a reversal absent harm to the defendant, and since the applicant was not harmed and consented to the procedure, I must dissent.

ODOM and W. C. DAVIS, JJ., concur in this dissent.