**Steven Lawrence SIMMONDS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–360–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 26, 1983.

Discretionary Review Refused
April 20, 1983.

Charles Dickens, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Hamilton O. Barksdale, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Steven Lawrence Simmonds, was convicted by a jury of attempted aggravated sexual abuse. The court assessed punishment at ten years imprisonment.

We affirm.

Simmonds presents five grounds of error attacking the conviction. Grounds one, two, and three contend that the trial court erred in refusing to charge the jury on the lesser included offenses of reckless conduct, terroristic threat, and false imprisonment respectively. The fourth ground of error asserts that the trial court erred in refusing to charge the jury on specific intent when applying the law to the facts. The fifth ground of error asserts that the trial court erred by charging the jury on the offense of attempted aggravated sexual abuse.

The first three grounds of error will be considered together. The record shows that Simmonds requested that the trial court charge the jury on the lesser included offenses of reckless conduct, terroristic threat, and false imprisonment. The court refused to charge on these offenses. It is well settled in this State that a jury charge need not be given by the trial court merely because that offense is included within the proof of the greater offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974). The rule as stated by many Court of Criminal Appeals decisions is that the lesser included offense must be included within the proof necessary to establish the offense charged *and* there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App.1981).

Simmonds was charged with aggravated sexual abuse. While the proof necessary to establish these lesser included offenses may have been present, there is no evidence in the record that if Simmonds is guilty, he is guilty of one of these lesser offenses. Grounds of error one, two, and three are overruled.

**654**

Simmonds' fourth ground of error asserts that the trial court erred by refusing to charge the jury on specific intent when applying the law to the facts.

The following instruction was given to the jury by the trial court in the jury charge:

> Therefore, bearing in mind the above and foregoing instructions and definitions, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of May, 1981, in Tarrant County, Texas, the defendant, Steven Lawrence Simmonds, did *intentionally or knowingly,* with *the intent to* arouse or gratify the sexual desire of said defendant, by threat of death or serious bodily injury to be imminently inflicted on _____ or _____, attempt to compel ... [Emphasis added.]

This instruction requires the jury to find all the elements of attempted aggravated sexual abuse. It is clear that the knowing intent required above is the specific intent required under V.T.C.A. Penal Code, § 15.01. Simmond's fourth ground of error is overruled.

Simmonds' fifth and last ground of error asserts that the trial court erred by charging the jury on the lesser included offense of attempted aggravated sexual abuse.

Simmonds was charged with aggravated sexual abuse and convicted of attempted aggravated sexual abuse.

In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense. V.A.C.C.P. art. 37.08. The courts of this State have consistently held that the present statutory scheme of lesser included offense, under V.A.C.C.P. art. 37.09, does not restrict the jurisdiction of the trial court, once it is properly invoked to try the offense charged, to proceed to judgment on a lesser included offense. *Ex parte McClelland,* 588 S.W.2d 957 (Tex.Cr.App.1979). Simmonds' fifth ground of error is overruled.

We affirm.