IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,267






EX PARTE SHANNON MARK DOUTHIT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER 2076 IN THE 83RD 

JUDICIAL DISTRICT COURT OF PRESIDIO COUNTY




 Keasler, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Womack, Hervey, and Cochran, JJ., joined. Price, J., filed a dissenting opinion in which
Holcomb, J., joined. Johnson, J., filed a dissenting opinion.


O P I N I O N


 Shannon Mark Douthit pled guilty to capital murder, and the trial judge sentenced him
to life imprisonment pursuant to a plea agreement. Douthit filed this application for a writ
of habeas corpus alleging that he is entitled to relief because, when he entered his plea, the
law did not allow a defendant to waive the right to a jury trial in a capital case. We conclude
his claim is not cognizable and deny relief.

Procedural Posture

 Shannon Mark Douthit was charged with capital murder. The indictment alleged that
Douthit knowingly and intentionally caused the death of two individuals with a deadly
weapon, a handgun, during the same criminal transaction on or about December 13, 1986. 
On May 29, 1987, Douthit waived a jury trial and pled guilty to the charge as alleged in the
indictment. Pursuant to a plea agreement with the State, the trial judge sentenced Douthit
to a term of life imprisonment and entered an affirmative deadly weapon finding. Having
waived his right to appeal, Douthit did not appeal.

 Almost eighteen years after he entered his guilty plea and was sentenced, Douthit filed
an application for a writ of habeas corpus alleging, among other things, that when he pled
guilty, the applicable law "did not allow a defendant to waive the right to a jury trial in a
capital case." 

 Before September 1, 1991, Article 1.13 of the Texas Code of Criminal Procedure,
titled: Waiver of Trial by Jury, stated that a

 defendant in a criminal prosecution for any offense classified as a felony less
than capital shall have the right, upon entering a plea, to waive the right of trial
by jury, conditioned, however, that such waiver must be made in person by the
defendant in writing in open court with the consent and approval of the court,
and the attorney representing the State. The consent and approval by the court
shall be entered of record on the minutes of the court, and the consent and
approval of the attorney representing the State shall be in writing, signed by
him, and filed in the papers of the cause before the defendant enters his plea. 
Before a defendant who has no attorney can agree to waive the jury, the court
must appoint an attorney to represent him. (1)


Additionally, Article 1.14 provided that a "defendant in a criminal prosecution for any
offense may waive any rights secured him by law except the right of trial by jury in a capital
felony case." (2)

 Citing our decisions in Ex parte Dowden, (3) Ex parte Jackson, (4) and Ex parte Bailey, (5)
where we granted relief to habeas applicants on the same claim that Douthit raises here, the
trial judge concluded that Douthit is entitled to relief because his judgment and sentence are
void. We filed and set this case to determine if Douthit is entitled to relief. Toward that end,
we find it necessary to reexamine our holdings in those cases, which were decided more than
twenty years ago, in light of our more recent habeas corpus jurisprudence.

Law and Analysis

 "A writ of habeas corpus is available only for relief from jurisdictional defects and
violations of constitutional or fundamental rights." (6) Douthit cites our prior cases granting
habeas relief on his claim:

 [T]his Court ha[s] made a judicial determination that the Texas Legislature had
by statute intentionally and completely divested the trial court of authority to
assess punishment against a capital defendant during the time period in which
this case was decided. The record leaves no question about the fundamental
defect, for the judgment and sentence recites on its face that the Defendant
waived his right to trial by jury and pled guilty to the charge of capital murder,
and that the Trial Court found him guilty of that crime and assessed
punishment at life in prison, all in clear contravention of the law as it existed
in 1987. As this act was not authorized by law, it was an "illegal act," and the
judgment and sentence are therefore void for illegality under Ex parte Seidel. 
This type of void judgment is a "nullity" and can be attacked at any time. (7)


 In opposition, the State asserts that a knowing and voluntary waiver of the rights
involved in former Articles 1.13 and 1.14 of the Code of Criminal Procedure does not
implicate constitutional concerns and that our recent cases have invalidated the cases on
which Douthit relies. Therefore, the State argues that Douthit's claim should not be
cognizable on a writ of habeas corpus. Citing a Fifth Circuit case, Parrish v. Beto, the State
explains that "there is no federal constitutional necessity for a jury to set punishment on a
guilty plea. Therefore, any violation of the law involved [is] only statutory in nature. Since
there is no violation of a constitutional right, there is nothing to be raised in a habeas
proceeding." (8) Douthit did not respond to the State's cognizability argument.

 As we noted in Ex parte Graves, "[w]e are mindful of the fact that we have not always
addressed the threshold issue of our habeas corpus jurisdiction before addressing the merits
of a given claim. We should." (9)

 In Ex parte McCain, we considered the cognizability of a habeas corpus application
involving another provision of Article 1.13 of the Texas Code of Criminal Procedure. (10) 
There, the appellant, McCain, argued that his guilty plea was void because the trial judge did
not appoint him an attorney before he made his oral and written agreement to waive a jury
trial in his felony indecency with a child by exposure case as required by Article 1.13(c). (11) 
Because his plea was void, McCain alleged that his claim was cognizable on a writ of habeas
corpus. (12) We disagreed. (13)

 We questioned whether McCain's conviction was "void." (14) Noting that the distinction
between "void" and "voidable" convictions in our jurisprudence was confusing, (15) we
explained:

 "Void" convictions should be defined as those in which the trial court lacked
jurisdiction over the person or subject matter or in which the trial judge lacked
qualification to act in any manner. Procedural errors or statutory violations
may be reversible error on direct appeal, but they are not "fundamental" or
"constitutional" errors which require relief on a writ of habeas corpus. We
should clearly define the scope of issues and claims that are cognizable on a
writ of habeas corpus as those which raise either jurisdictional defects or
constitutional claims. (16)


 Turning to the statute at issue, we noted that most of the provisions in the Code of
Criminal Procedure are "mandatory," because they require that a trial judge "'shall' or 'must'
do something in a particular manner." (17) But we determined that Article 1.13(c) did not
encompass a constitutional or fundamental right, (18) and "this Court has repeatedly held that
procedural errors or irregularities or deviations from 'mandatory' statutes are not cognizable
on a writ of habeas corpus." (19) We also stated in dicta that "although other portions of article
1.13 are also written in mandatory terms, a violation of those provisions would not be
cognizable on a writ of habeas corpus because it would not be a jurisdictional defect or
constitutional or fundamental violation. It would be a procedural violation." (20)

 We then discussed another case involving a violation of Article 1.13, Ex parte
Sadberry, in which we considered whether habeas relief was available to an applicant who
failed to sign a jury waiver. (21) The applicant, Sadberry, argued only that "his conviction
should be set aside because his signature does not appear on the statutorily prescribed jury
waiver form." (22) He did not assert a violation or ineffective waiver of his constitutional right
to a jury trial. (23) And the United States Constitution does not require a written waiver of the
right to a trial by jury. (24) We held that we would not set aside a conviction based on an
applicant's failure to sign a written jury waiver form if the applicant does "not claim he
desired and was deprived of his constitutional right to a trial by jury, that he did not intend
to waive a jury trial or that he was otherwise harmed, and the record reflects that the
applicant agreed to the waiver." (25) Although we cautioned that our decision should not be
interpreted to encourage disregard of procedural rules, (26) we concluded that a writ of habeas
corpus does not provide relief if the record clearly reflects the rights to which the procedural
rules relate. (27)

 Following the sound reasoning of Ex parte Sadberry, we held in Ex parte McCain that
"a violation of article 1.13(c) is not cognizable on a writ of habeas corpus." (28)

 We examined the recent trend concerning the issue of cognizability in our habeas
corpus jurisprudence in Ex parte Richardson. (29) In that case, the applicant, Richardson,
argued that his probation revocation was invalid because the presiding judge at the
revocation hearing was also the prosecutor in Richardson's original prosecution. (30) 
Richardson knew that there was a conflict and that he could have filed a motion to recuse the
judge, but he instructed his counsel to enter the plea agreement with the State. (31) We granted
review to determine whether Richardson could obtain relief by post-conviction habeas corpus
even though he knew about the conflict and the recusal option at the time he entered his plea
of true at the revocation hearing. (32)

 Although our decision in Ex parte Miller more than twenty years earlier seemed to
dictate the result in Ex parte Richardson, the direction of our habeas corpus jurisprudence
prompted us to reexamine Ex parte Miller. (33) We recalled two recent cases, Ex parte
Townsend (34) and Ex parte Pena, (35) in which we held that the applicants were not entitled to
habeas relief where the judges acted without authority to stack the sentences (36) and to impose
a fine. (37) Consistent with "the trend of this Court . . . to draw stricter boundaries regarding
what claims may be advanced on habeas[,]" we held in Ex parte Richardson that Richardson
was not entitled to relief because he should have raised the issue at trial by objection or a
motion to recuse or on direct appeal. (38) We recognized that "'the Great Writ should not be
used' to litigate matters 'which should have been raised on appeal' or at trial." (39) And though
"we have not always consistently followed this maxim in the past, in recent years we have
more closely adhered to it." (40)

 Turning to Douthit's case, we note that "[w]e should not overrule precedent lightly." (41) 
But "[w]hen older precedent conflicts with a newer decision that is found to be more soundly
reasoned, we may resolve the inconsistency in favor of the more soundly reasoned
decision." (42) As we explained in Paulson v. State, the goals of the doctrine of stare decisis
include "promot[ing] judicial efficiency and consistency, encourag[ing] reliance on judicial
decisions, and contribut[ing] to the integrity of the judicial process." (43) And if a prior
decision "was poorly reasoned or has become unworkable, we do not achieve these goals by
continuing to follow it." (44) 

 We conclude that our more recent habeas corpus precedent is more soundly reasoned
than our prior decisions in Ex parte Dowden (45) and its progeny. The violations of Articles
1.13 and 1.14 in Douthit's case are not jurisdictional defects or constitutional or fundamental
errors. Rather, as in Ex parte McCain, they are statutory violations. Like the applicants in
Ex parte Sadberry and Ex parte McCain, Douthit merely asserts an inconsistency with the
procedure required by the statute (46) and does not allege nor present any evidence that he
desired to exercise his constitutional right to a trial by jury or that such right was violated by
the trial judge's acceptance of his waiver. (47)

 The record demonstrates that Douthit was represented by counsel at the time he
entered his plea of guilty. He was admonished of his right to a jury trial before he voluntarily
waived that right in two separate documents. As in Ex parte McCain, we question, "[i]f the
constitution does not require this procedure and the Legislature could eliminate the statute
entirely, why would this Court conclude that a conviction is 'illegal' and has no legal force
whatsoever simply because of the failure to" follow a procedure prescribed by statute? (48) 

 Similar to Ex parte Sadberry, we will not set aside a conviction for a violation of pre-September 1, 1991, Article 1.13 and Article 1.14's prohibition on jury waiver in capital cases
if the applicant fails to claim that "he desired and was deprived of his constitutional right to
a trial by jury, that he did not intend to waive a jury trial or was otherwise harmed, and the
record reflects that the applicant agreed to the waiver[.]" (49) Consistent with our more soundly
reasoned decisions in Ex parte McCain and Ex parte Sadberry, we hold that we will not grant
habeas relief where there is no federal constitutional right and the defendant waived a right
in a manner inconsistent with the procedures outlined only by statute, but the record reflects
that the defendant did so knowingly and voluntarily.

Conclusion

 Because we have determined that Douthit's claim is not cognizable on a post-conviction writ of habeas corpus, we deny relief. Having reviewed Douthit's other claims,
we find he is not entitled to relief. Ex parte Dowden (50) and its progeny granting the same
relief are overruled.

DATE DELIVERED: May 23, 2007

PUBLISH
1. Tex. Code Crim. Proc. art. 1.13 (Acts of 1965, 59th Leg., vol. 2, p. 317, ch.
722, eff. Jan. 1, 1966). 
2. Tex. Code Crim. Proc. art. 1.14 (Amended by Capital Felony Act of 1973, Acts
1973, 63rd Leg., p. 1127, ch. 426, art. 3, § 5, eff. June 14, 1973). 
3. 580 S.W.2d 364, 366 (Tex. Crim. App. 1979).
4. 606 S.W.2d 934, 934-35 (Tex. Crim. App. 1980).
5. 626 S.W.2d 741, 742 (Tex. Crim. App. 1981).
6. Ex parte McCain, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (internal citations
omitted).
7. Br. of Applicant at 31 (internal citations omitted).
8. Br. of State at 4 (citing Parrish v. Beto, 414 F.2d 770, 772 (5th Cir. 1969) (per
curiam)).
9. See Ex parte Graves, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002).
10. 67 S.W.3d at 206.
11. Id. at 205-06.
12. Id. at 206.
13. Id.
14. Id. at 208-09.
15. Id. at 209.
16. Id. at 209-10.
17. Id. at 210.
18. Id. at 206.
19. Id. at 209.
20. Id. at 210.
21. Id. at 210-11 (citing Ex parte Sadberry, 864 S.W.2d 541, 542 (Tex. Crim. App.
1993)).
22. Ex parte Sadberry, 864 S.W.2d at 543.
23. Id.
24. Id.
25. Id.
26. Id.
27. Id.
28. Ex parte McCain, 67 S.W.3d at 211.
29. 201 S.W.3d 712, 713 (Tex. Crim. App. 2006).
30. Id. at 712.
31. Id.
32. Id.
33. Id. at 713.
34. 137 S.W.3d 79 (Tex. Crim. App. 2004).
35. 71 S.W.3d 336 (Tex. Crim. App. 2002).
36. Ex parte Townsend, 137 S.W.3d at 81-82.
37. Ex parte Pena, 71 S.W.3d at 338.
38. Ex parte Richardson, 201 S.W.3d at 713-14.
39. Id. at 713 (quoting Ex parte Townsend, 137 S.W.3d at 81).
40. Id.
41. Awadelkariem v. State, 974 S.W.2d 721, 725 (Tex. Crim. App. 1998).
42. Id.
43. Paulson v. State, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000).
44. Id. at 571-72.
45. 580 S.W.2d 364.
46. See Ex parte Sadberry, 864 S.W.2d at 543.
47. See Ex parte McCain, 67 S.W.3d at 208.
48. Id.
49. Ex parte Sadberry, 864 S.W.2d at 543.
50. 580 S.W.2d 364.