Joe NORRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1984.

As Modified March 9, 1984.

Discretionary Review Denied by Supreme Court May 23, 1984.

Edward C. Monahan, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, McDONALD and WHITE, JJ.

McDONALD, Judge.

Appellant Joe Norris appeals from a conviction in the Fayette Circuit Court of first-degree rape, first-degree sodomy, and aiding and abetting first-degree rape.

The victim testified that she and her sister drove to pick up their aunt from her place of work and on their way picked up Mark Detalent, a friend of the victim. Her sister dropped the victim and Detalent off at the Minit Mart on the way back. The two, after making their purchases, began to walk home. While walking, they came upon appellant and his co-indictee, Donald Woodrum, and an argument erupted between Detalent and Woodrum.

The victim testified that she accompanied Woodrum, Detalent and Norris to a park. While in the park, Woodrum and Norris used forcible compulsion to have sex with her. She testified that appellant had intercourse with her, then sat on her chest and forced her to perform oral sodomy on him while Woodrum had intercourse with her. The two then changed places and this went on, according to her, for approximately two hours. She was then permitted to leave. At some point during the course of these activities, Detalent had left the park, but he never contacted the authorities concerning what had happened.

Appellant makes two arguments on appeal. First, he argues that the trial court erred by allowing him to be convicted of both sodomy and aiding and abetting first-degree rape. Secondly, he states that the trial court erred in allowing an unqualified nurse to render an opinion on the issue of guilt or innocence.

The evidence in this case showed that the appellant sat on the victim's chest and sodomized her at the same time the codefendant was having intercourse with her. Thus, argues the appellant, he was erroneously convicted of two separate offenses for the same act.

In the case of *Hamilton v. Commonwealth*, 659 S.W.2d 201 (Ky.1983), the Kentucky Supreme Court determined that to permit the jury to impose sentences for both statutory rape and incest from a single act of sexual intercourse with the defendant's ten-year-old daughter violated the constitutional guarantee against double jeopardy. The court cited the case of

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), which provides the rule to be followed in determining whether the same act constitutes a violation of more than one statutory provision. *Blockburger* states:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....

Utilizing this rule, the Kentucky Supreme Court decided that there was only one additional element to differentiate the crime of incest from the crime of rape, i.e., the relationship of father/daughter. Therefore, the defendant was put in double jeopardy by being convicted of both crimes for the same act.

In *Whorton v. Commonwealth*, Ky., 570 S.W.2d 627 (1978), *reversed on other grounds*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), *affirmed on remand*, Ky., 585 S.W.2d 388 (1979), the Kentucky Supreme Court reversed the defendant's conviction for wanton endangerment arising out of a shot he fired into the ceiling during the course of a robbery he committed. The court affirmed the first-degree robbery conviction, however, and stated:

> Whorton's use of a pistol in firing a shot into the ceiling of Jerry's Restaurant did not constitute an offense separate from the 1st-degree robbery charge for which he was being tried and was convicted.... Whorton could have been found guilty of 1st-degree robbery either on the basis of his having been armed with a deadly weapon or on the basis of his having used or threatened to use that weapon. Neither, however, can be split off from the other and be treated as a separate offense. It was error to submit to the jury the charge of wanton endangerment growing out of the firing of a shot into the ceiling.

*Id.* at 631.

Additionally, K.R.S. 505.020(1)(a) provides:

> When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:
>
> (a) One offense is included in the other as defined in subsection (2).

■ Unlike the situation in the *Whorton* case, where the use of the weapon constituted an element of the offense of first-degree robbery, the elements of first-degree sodomy and aiding and abetting first-degree rape have nothing in common. As the Commonwealth states, the court's instruction on aiding and abetting first-degree rape required the jury to find that appellant aided Woodrum in committing first-degree rape by holding or sitting on the victim. This holding or sitting on the victim, while it occurred simultaneously with the commission of the first-degree sodomy, was not an element of the sodomy. Therefore, K.R.S. 505.020(1)(a) does not apply to this situation.

Other cases cited by appellant, i.e., *Marshall v. Commonwealth*, Ky., 625 S.W.2d 581 (1982), and *Watson v. Commonwealth*, Ky., 579 S.W.2d 103 (1979), have to do with offenses which are lesser included offenses of other crimes. Appellant argues that the constitutional double jeopardy protections are more extensive than the statutory protections against multiple prosecutions; therefore, the fact that one of the two crimes of which appellant was convicted is not included as part of the other should have no effect on the double jeopardy prohibition. Indeed, the *Blockburger* test applies specifically to the violation of two distinct statutory provisions as opposed to lesser included offenses.

■ Although the Kentucky Supreme Court in *Hamilton* found there was only one element to distinguish rape from incest, we find that in the instant case each crime required proof of a fact which the other did not. Aiding and abetting first-degree rape required appellant to assist Nor-

ris in the act of rape, which he did by sitting on or holding down the victim. The crime of sodomy, while occurring simultaneously, was separate and apart from the act of aiding and abetting and required performance of the act of sodomy. We find the *Blockburger* test to be satisfied in this instance and find no error in the convictions.

Appellant's second argument is that the trial court erred in allowing a nurse to render an opinion on the issue of guilt or innocence when not qualified. He argues that the nurse was not a qualified expert, that there was insufficient basis for her opinion, that she invaded the province of the jury, and that her testimony was too prejudicial.

The nurse, Regina Hizer, who was present when the physical examination was performed on the victim and during which no sperm was found, testified as follows:

Q: In the course of your experience is it unusual for an alleged rape victim to have no sperm present?

A: No, it is not unusual.

We are of the opinion that the above testimony is not of the character of expert testimony. The nurse merely related that from her experience in assisting in the examination of rape victims, it was her observation that it was not an unusual situation for an alleged rape victim to have no sperm present. This observation on the part of the nurse was irrelevant in the determination of the guilt or innocence of the appellant inasmuch as the presence of sperm is not necessary in order to sustain a conviction for rape; however, we find no prejudice to appellant in its admission.

The question asked of this witness was couched in terms of an "alleged" rape victim, and the question asked of her would include the groups of those actually raped and those who had not been raped. The nurse's answer could as easily have been interpreted as implying that it is not unusual for an alleged rape victim to have fabricated her story as implying that intercourse had in fact occurred notwithstanding the absence of sperm. Unlike the facts

in *Holland v. Commonwealth*, Ky., 272 S.W.2d 458 (1954), in which a physician invaded the province of the jury by expressing his opinion that the intercourse engaged in by the complaining witness had probably been forced, Ms. Hizer expressed no opinion on whether the victim had or had not been raped or whether intercourse had occurred, but merely stated her observation from participation in physical examinations that lack of sperm present was not unusual in alleged rape victims. We find no prejudice to appellant in the admission of this testimony.

The convictions are affirmed.

All concur.