**Ex parte Marvin McKINNEY.**

No. 69406.

Court of Criminal Appeals of Texas, En Banc.

April 17, 1985.

Melinda Hoyle Bozarth, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

WHITE, Judge.

Applicant is before this Court seeking habeas corpus relief in accordance with Art. 11.07, V.A.C.C.P., alleging that he waived his right to a jury trial in a capital case, which is impermissible under Art. 1.14, V.A.C.C.P., and applicant further contends that the state cannot waive or dismiss the death penalty portion of his indictment.

The applicant's contentions are entirely correct and meritorious.

On June 27, 1977, the Grand Jury of Bowie County returned a two count indictment against Marvin T. McKinney for the offense of capital murder. Counsel was appointed to represent the applicant. On March 13, 1978, applicant appeared in court with counsel and signed a written waiver of his right to a jury trial. The court accepted applicant's plea of guilty to the offense of capital murder on this date. The court sentenced applicant to life in the Texas Department of Corrections.

Article 1.14, V.A.C.C.P. states in relevant part:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

This Court has firmly established in *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr. App.1979), that:

"It is clear from what has been said that the state cannot waive the death penalty in capital murder cases, and that the petitioner could not validly waive the right to trial by jury." *Ex parte Dowden,* supra, at 366.

This is a statutory mandate which the Legislature has enacted and its intent is clear. This position was confirmed in no uncertain terms in *Ex parte Jackson,* 606 S.W.2d 934 (Tex.Cr.App.1980); *Ex parte McClelland,* 588 S.W.2d 957, 959 (Tex.Cr. App.1979); and *Ex parte Bailey,* 626 S.W.2d 741 (Tex.Cr.App.1981). In *Ex parte Bailey,* we stated that:

"It is *now well established* that a defendant in a capital murder case cannot validly waive trial by jury." (Emphasis added).

Therefore, for the reasons stated, the relief prayed for is granted and applicant is remanded to the custody of the Sheriff of Bowie County to answer the indictment in cause no. 77–F–127 in the 102nd District Court.

It is so ordered.