Joseph L. SOROLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 831–84.

Court of Criminal Appeals of Texas,
En Banc.

June 26, 1985.

Charles D. Butts, Louis A. Joseph, Jr., San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., and Mike Berg and Stella Saxon, Asst. Dist. Attys., Karnes City, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury for the offense of capital murder. V.T.C.A. Penal Code, § 19.03(a)(2). The *trial court*[1] assessed punishment at confinement for life in the Texas Department of Corrections. The San Antonio Court of Appeals reversed his conviction in a published opinion, *Sorola v. State*, 674 S.W.2d 809 (Tex.App.—San Antonio 1984). We granted the State's pe-

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

tition for discretionary review to determine whether it was reversible error for the *trial court* to assess appellant's punishment following the jury's verdict of guilty. We are in agreement with the court of appeals and accordingly affirm that court's judgment.

Both parties agree in their briefs that the State announced before trial that it was not seeking the death penalty. Consequently the jury was not "qualified" on the death penalty. The record reflects that both parties were given fifteen peremptory challenges. The record further reflects:

"that following the jury's decision that appellant was guilty of capital murder, the jury was sent back to the jury room. Outside the presence of the jury, the trial court, the State, and appellant agreed that because the State had waived the death penalty in this case, the proper procedure was to have the court assess punishment. The trial court then found appellant guilty of capital murder and sentenced him to life imprisonment in the Texas Department of Corrections. Thereafter, without objection, the court informed the parties he was going to release the jury panel." 674 S.W.2d at 810.

As correctly recognized by the court of appeals, we have consistently held that in a capital murder prosecution the State cannot waive the death penalty and the defendant cannot waive the right to trial by jury. Arts. 1.14, 37.071, V.A.C.C.P.; *Ex parte McKinney*, 688 S.W.2d 559 (Tex.Cr. App.1985); *Ex parte Bailey*, 626 S.W.2d 741 (Tex.Cr.App.1981); *Ex parte Jackson*, 606 S.W.2d 934 (Tex.Cr.App.1980); *Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App.1980); *Ex parte Dowden*, 580 S.W.2d 364 (Tex.Cr. App.1979); *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976). The court of appeals also correctly held that the case sub judice is controlled by our decision in *Ex parte Bailey*, supra. In *Bailey*, we held that the trial court lacks the authority, even with the consent of both parties, to dismiss the jury and assess a life sentence after a defendant has been found guilty of capital murder by that jury.

The State contends, however, that the legal underpinnings of *Bailey* have been eroded by two amendments to the Code of Criminal Procedure and by the decision of this Court in *Hicks v. State*, 664 S.W.2d 329 (Tex.Cr.App.1984). For reasons to be given, we find the State's argument to be unpersuasive.

The State perceives the legal rationale of *Bailey* to be the passage in the lead opinion which reads:

"A defendant cannot waive trial by jury in a capital case. [citation omitted]. Habeas corpus relief will be granted when a defendant has been convicted of a capital felony without the verdict of a jury. [citations omitted] *The verdict is not complete until the jury has rendered a completed verdict on punishment. Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App.1980). Therefore habeas corpus relief will be granted in this case." 626 S.W.2d at 742.

■ The State contends that the emphasized portion above is no longer viable because *Eads v. State* is no longer good law. While it is true that in 1981 Art. 37.071(e), V.A.C.C.P. was amended to provide in pertinent part: "if the jury ... is unable to answer any issue submitted under this article, the Court shall sentence the defendant to confinement in the Texas Department of Corrections for life," [2] we are unable to see how this authorizes bypassing the statutorily prescribed sentencing procedure set forth in Art. 37.071(a). The amendment merely directs the trial court to assess a life sentence in the event of a hung jury in the punishment phase of the trial. Any contention that this amendment alters the *mandatory* provisions of Art. 37.071(a) is meritless.

---

**2.** Acts 1981, 67th Leg., p. 2673, ch. 725, § 1, eff. Aug. 31, 1981. This amendment actually became effective before our opinion in *Ex parte*

*Bailey,* supra, was handed down, but is not discussed in that opinion.

The State also contends that Art. 44.251, V.A.C.C.P.[3] "specifically allows the State to 'waive' the death penalty where there is a finding of guilty of Capital Murder." Art. 44.251 gives this Court the power to reform a jury verdict of death in cases where there is insufficient evidence to support an affirmative answer on the "future dangerousness" issue at punishment, see Art. 37.071(b)(2), supra, if the prosecuting attorney so requests by a timely filed motion. This statute gives us authority, which we previously lacked,[4] to reform a jury verdict under limited circumstances. It does not, however, authorize the trial courts of this State, with or without the consent of the parties, to ignore the mandatory procedures set forth in Art. 37.-071(a), supra.

Finally, the State contends that the rationale employed by the court of appeals conflicts with our holding in *Hicks v. State*, supra. The very language relied upon by the State in that opinion belies its argument. In *Hicks* we held: "[w]here, as here, no right granted a capital defendant is abrogated upon the State's purported abandonment of the death penalty, we perceive no harm in the abandonment itself." *Id.* at 330. In the case sub judice, appellant's right to trial by jury was impermissibly abrogated, see Art. 37.071(a), supra. Therefore, he need not show harm. Furthermore, as noted in Judge Clinton's concurring opinion in *Hicks*, capital punishment procedures were not involved in the case after the defendant was found guilty of criminally negligent homicide. Id. at 332 (Clinton, J., concurring.) Thus, *Hicks* is not at all inconsistent with *Ex parte Bailey*, supra.

Since *Bailey* is controlling in the case at bar, the judgment of the court of appeals is affirmed.

McCORMICK, J., dissents.

TEAGUE, Judge, concurring.

For the reasons that I stated in the dissenting opinion that I filed in *Hicks v. State*, 664 S.W.2d 329, 332 (Tex.Cr.App. 1984), I only concur. Also see *Ex parte McKinney*, 668 S.W.2d 559 (Tex.Cr.App. 1985).

It is amazing, but what I stated in the dissenting opinion that I filed in *Hicks v. State*, supra, comes true in this cause. There, I stated the following: "I find from what is stated in the majority opinion that the majority, in order to reach its result, evaluates, analyzes, and discusses the issue from hindsight, i.e., by first looking to the verdict of the jury to see what offense the jury found that appellant had committed, it is able to conclude that he was not harmed by the State abandoning at the commencement of the voir dire the death penalty. However, what the majority has conveniently overlooked is what the Legislature of this State mandated when it enacted Articles 1.13 and 1.14, V.A.C.C.P." And, is that not exactly what the majority is doing in this cause, albeit a different result from that attained in *Hicks*, supra, occurs in this cause?

*Hicks*, supra, should be either expressly overruled or it should be literally followed. I would vote to expressly overrule it. The majority declines to take that step. However, it puts a big dent into *Hicks*, supra, and, by doing so, reaches the right result.

Therefore, I concur in the result the majority opinion reaches.

---

3. Acts 1981, 67th Leg., p. 2673, ch. 725, § 2, eff. Aug. 31, 1981. This amendment also became effective before our opinion in *Ex parte Bailey*, supra, was handed down and is likewise not mentioned in that opinion.

4. See, e.g., *Ocker v. State*, 477 S.W.2d 288 (Tex. Cr.App.1972) (and cases cited therein.)