Ernestina **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–99–00131–CR.

Court of Appeals of Texas, San Antonio.

Dec. 24, 2002.

Rehearing Overruled Feb. 24, 2003.

Adrienne Urrutia, San Antonio, for Appellant.

E. Bruce Curry, Dist. Atty., Lucy Cavazos, Asst. Dist. Atty., Kerrville, for State.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Ernestina Rodriguez was convicted and sentenced to life in prison for the capital murder of her seventy-four day old child, Ramiro, by intentionally or knowingly starving him. On appeal, Rodriguez contends her trial counsel's deficient performance substantially prejudiced her in violation of the right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution.[1] However, the record remains silent as to the extent of trial

---

1. Specifically, Rodriguez complains of the following:

   1. Trial counsel failed to properly investigate the factual and legal issues in the case, instead engaging in unquestioning acceptance of the State's version of the facts, including a most critical issue—the cause of death—when at least two available experts could have testified that [Rodriguez's] baby likely did not die of starvation.
   2. Trial counsel failed to controvert, in any meaningful way, the State's medical expert testimony.
   3. Trial counsel failed to interview and subpoena neutral eyewitnesses, and other unbiased individuals, who observed [Rodriguez] while pregnant, after her child's birth, and at the child's death, and whose testimony would have exculpated her, thus disproving the State's prosecution theory.
   4. Trial counsel failed to take the State's expert witnesses on voir dire outside the jury's presence, despite the fact that they had an absolute right to this procedure under Texas Rule of Criminal Evidence 705(b).
   5. Trial counsel elicited, opened the door to, and failed to properly object to numerous pieces of inadmissible evidence that were prejudicial to [Rodriguez] and misled the jury.
   6. Trial counsel failed to prepare their witnesses—including [Rodriguez] herself—and failed to familiarize themselves with their testimony, leaving them surprised, damaged, and urging the jury to disregard their own witnesses' testimony on closing argument.
   7. Trial counsel failed to preserve any evidentiary error or procedural error in the case by failing to ensure that the court reporter took down notes of the bench conference.
   8. Trial counsel failed to object to the prosecutor's burden-shifting closing arguments.

counsel's investigation into the factual and legal basis of the State's case, including the cause of death, and counsel's reasons for the complained-of acts and omissions.[2]

The Texas Court of Criminal Appeals recently confronted "once again ... whether an appellate court may reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions." *Bone v. State*, 77 S.W.3d 828, 830 (Tex.Crim.App.2002). The court "[o]nce again ... answer[ed] that question 'no.'" *Id.* "[B]efore being condemned as unprofessional and incompetent," a defendant's "counsel should ordinarily be accorded an opportunity to explain her actions." *Id.* at 836. Because Rodriguez's trial counsel has still not been accorded this opportunity, we must reject Rodriguez's ineffective assistance claim.[3]

### SENTENCING

Rodriguez also contends her right to trial by jury was violated because the trial court sentenced her without a jury. We disagree.

In support of her argument, Rodriguez cites *Sorola v. State*, 693 S.W.2d 417 (Tex. Crim.App.1985). In *Sorola*, the Texas Court of Criminal Appeals reaffirmed its earlier holding in *Ex parte Bailey*, 626 S.W.2d 741 (Tex.Crim.App.1981), that "the trial court lacks the authority, even with the consent of both parties, to dismiss the jury and assess a life sentence after a defendant has been found guilty of capital murder by that jury." *Sorola*, 693 S.W.2d at 418. The court found the State's argument to the contrary unpersuasive, concluding "we are unable to see how this authorizes bypassing the statutorily prescribed sentencing procedure set forth in Art. 37.071(a)." *Id.* At the time, article 37.071(a) provided:

> Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment. The proceeding shall be conducted in the trial court before the trial jury as soon as practicable ....

Act of May 28, 1973, 63rd Leg., ch. 426, art. 3 § 1, 1973 Tex. Gen. Laws 1122, 1125 (amended 1991) (current version at TEX. CODE CRIM. PROC. ANN. art. 37.071 sec. 1 (Vernon Supp.2001)). As the State points out, however, article 37.071 was amended, effective September 1, 1991. Under the amended version of article 37.071, "[i]f a defendant is found guilty in a capital felony case in which the State does not seek the death penalty, the judge shall sentence the defendant to life imprisonment." TEX. CODE OF CRIM. PROC. ANN. art. 37.071 § 1 (Vernon Supp.2001).

The judgment is affirmed.

ALMA L. LÓPEZ, J., dissents without opinion.

---

**2.** In her opening brief, Rodriguez asked that we order the trial court to conduct an evidentiary hearing on her motion for new trial. We granted Rodriguez's request. *Rodriguez v. State*, 82 S.W.3d 1 (Tex.App.-San Antonio 2001, pet. dism'd). Following the hearing, the trial court denied Rodriguez's motion.

**3.** However, Rodriguez may be entitled to "resubmit [her] claim via an application for writ of habeas corpus." *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App.1999).