MEMORANDUM OPINION



Nos. 04-07-00019-CR, 04-07-00020-CR, 04-07-000-21-CR,


04-07-00022-CR, 04-07-00023-CR, 04-07-00024-CR,

 04-07-00025-CR


John Frances ROBBEN, Sr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Bandera County, Texas


Trial Court Nos. CRAC06-061, CRAC06-062, CRAC06-063, CRAC06-070, 


CRAC06-071, CRAC06-072, and CRAC06-073

Honorable Stephen B. Ables, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: March 5, 2008


AFFIRMED

 Appellant, John Frances Robben, Sr., ("Robben"), pled guilty to three counts of aggravated
sexual assault and four counts of indecency with a child. The trial court assessed punishment at life
imprisonment and a $10,000 fine on each of the three counts of aggravated sexual assault, with each
count to run consecutively, and twenty years confinement and a $2,000 fine on each of the four
counts of indecency with a child, with each of these counts to run consecutively as well. Robben
filed a motion for new trial which the trial court denied, and now brings this appeal. 

 In five issues on appeal, Robben presents two basic arguments: (1) the trial court erred in
denying Robben's motion for new trial based on his claim of ineffective assistance of counsel and
because his pleas were not knowingly and voluntarily made; and (2) the punishment assessed by the
court was disproportionate to the seriousness of the alleged offenses in violation of the Eighth and
Fourteenth Amendments to the United States Constitution. We affirm the trial court's judgments.

I. Motion for New Trial

 In four separate issues, which we have combined, Robben contends that he was denied
effective assistance of counsel. Robben further asserts that the trial court abused its discretion in
failing to grant his motion for new trial based on his claim of ineffective assistance of counsel and
because his confessions and pleas were not knowingly and voluntarily given.

A. Standard of Review and Applicable Law

1. Ineffective Assistance of Counsel

 The two-pronged standard of review for a claim of ineffective assistance of counsel is
well-established and applies to both the guilt/innocence and punishment phases of trial. Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999). Initially, the appellant must show that his attorney's performance was deficient, i.e., that
his assistance fell below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). However, there is a strong presumption that counsel rendered effective
assistance. Strickland, 466 U.S. at 690. Secondly, assuming the appellant has demonstrated deficient
assistance, it is necessary to affirmatively prove prejudice. Thompson, 9 S.W.3d at 813. Appellant
must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the
proceeding would have been different. Id. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. 

 Absent both showings, we cannot conclude that the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Id. An appellant bears the burden of
proving by a preponderance of the evidence that counsel was ineffective, and we look to the totality
of the representation and the particular circumstances of each case in evaluating the effectiveness
of counsel. Id. When reviewing a claim of ineffective assistance of counsel, we must be highly
deferential to trial counsel and avoid the "deleterious effects of hindsight." Id. 

 Further, the assessment of whether a defendant received effective assistance of counsel must
be made according to the facts of each case. Id. at 813. Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Id. Under normal circumstances, the record on direct appeal will not be sufficient
to show that counsel's representation was so deficient and so lacking in tactical or strategic decision
making as to overcome the presumption that counsel's conduct was reasonable and professional.
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the record on
direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. Id.

2. Coerced Confessions and Involuntary Pleas

 Robben further complains that his written and taped confessions, as well as his guilty plea,
should be set aside because they were not voluntarily or intelligently made, and he was not properly
administered Miranda warnings before giving his statements. See Miranda v. Arizona, 384 U.S. 436,
444 (1966) (requiring certain procedural safeguards during custodial interrogation to secure the
privilege against self-incrimination). The requirements of Miranda are codified in article 38.22 of
the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.22 §2 (a), (b) (Vernon 2006);
see Jordy v. State, 969 S.W.2d 528, 531 (Tex. App.-- Fort Worth 1998, no writ). 

 Article 38.22 of the Code of Criminal Procedure generally allows the use of a defendant's
statement resulting from a custodial interrogation provided the following safeguards appear "on the
face of the statement":

 (a) the accused, prior to making the statement, either received from a magistrate the
warning provided in Article 15.17 of this code or received from the person to whom
the statement is made a warning that:

 (1) he has the right to remain silent and not make any statement at all and that any
statement he makes may be used against him at his trial;

 (2) any statement he makes may be used as evidence against him in court; 

 (3) he has the right to have a lawyer present to advise him prior to and
during any questioning;

 (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to
advise him prior to and during any questioning; and

 (5) he has the right to terminate the interview at any time; and

 (b) the accused, prior to and during the making of the statement, knowingly,
intelligently, and voluntarily waived the rights set out in the warning prescribed by
Subsection (a) of this section.


Tex. Code Crim. Proc. Ann. art. 38.22 §2 (a), (b).

 Similarly, a guilty plea must also be freely and voluntarily made to be valid. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2007). Proper admonishments by the trial court create
a prima facie showing that a plea of guilty was entered knowingly and voluntarily. Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Ex parte Gibauitch, 688 S.W.2d 868 (Tex. Crim.
App. 1985). Once an accused attests that he understands the nature of his plea and that it was
voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. Rodriquez v.
State, 933 S.W.2d 702, 706 (Tex. App.--San Antonio 1996, pet. ref'd); see also Villarreal v. State,
No. 04-06-00022-CR, 04-06-00023-CR, 2007 WL 12065, at *2 (Tex. App.-- San Antonio Jan. 19,
2007, pet. ref'd) (mem. op., not designated for publication).

3. Motion for New Trial

 We review a trial court's ruling on a motion for new trial under an abuse of discretion
standard of review. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). When, as here,
the motion alleges ineffective assistance of counsel, we must determine whether the trial court's
determination of the ineffective assistance claim and denial of the motion for new trial were clearly
wrong and outside the zone of reasonable disagreement. Freeman v. State, 167 S.W.3d 114, 116-117
(Tex. App.--Waco 2005, no pet.); Gutierrez v. State, 945 S.W.2d 287, 290 (Tex. App.--San
Antonio 1997, no writ.). Generally, a trial court does not abuse its discretion in denying a motion for
new trial where the defendant's counsel has not been accorded an opportunity to explain his or her
actions. Bone, 77 S.W.3d at 836; Rodriguez v. State, 103 S.W.3d 460, 462 (Tex. App.--San Antonio
2002, pet ref'd). Further, at a hearing on a motion for new trial, the trial court is the sole judge of the
credibility of the witnesses. Lewis v. State, 911S.W.2d 1, 7 (Tex. Crim. App. 1995); see also
Estrada v. State, No. 04-03-00887-CR, 2005 WL 1676685, *7 (Tex. App.--San Antonio Jul. 20,
2005, pet. ref'd)(mem. op., not designated for publication). 

 B. Instances of Alleged Ineffective Assistance
 

 Robben claims that his attorney was ineffective in the following respects: 1) failing to
properly investigate the facts and circumstances of his case; 2) failing to obtain a psychological
evaluation and IQ testing; 3) failing to obtain a copy of or view Robben's second taped statement
prior to the date of trial; 4) failing to obtain a suppression hearing on Robben's taped and written
statements; 5) failing to obtain a change of venue hearing; 6) failing to obtain reasonable bail; 7)
failing to obtain a speedy trial; 8) obtaining numerous continuances and allegedly admitting on the
day of trial that she was not ready; 9) failing to call or subpoena any trial witnesses; 10) advising
Robben that she had entered into a plea agreement with the prosecutor after the jury had been picked
and in exchange for this guilty plea, Robben would be psychologically evaluated and IQ tested, no
additional charges would be filed, and Robben would get probation or two to three years maximum
which, Robben asserts, resulted in his entering into pleas that were not knowingly and voluntarily
made; 11) failing to timely inform Robben that she had been a victim of repeated familial sexual
assault as a young child; 12) failing to timely inform Robben that she believed the taped statement
of Robben's son was false; 13) failing to provide trial sentencing counsel any of her file materials,
investigative materials, or notes; and 14) failing to present mitigating evidence at punishment. 
Finally, Robben maintains that the trial court erred in denying his motion for new trial based on his
claims of ineffective assistance of counsel and the involuntariness of his pleas.

 Although Robben filed a motion for new trial and a hearing was held, Robben did not
otherwise develop a record explaining counsel's conduct before and during trial. Thompson, 9 S.W.3d
at 813. Indeed, no witnesses were presented at the hearing and the only items introduced were the
affidavits of Robben and his mother, and copies of various newspaper articles involving Robben that
had been published in the Bandera Bulletin. However, unfounded allegations will not support a claim
of ineffective assistance of counsel. Id. at 813-14. Here, the affidavits of Robben and his mother are
unfounded and not otherwise supported by the record. Thus, the trial judge, as the sole judge of the
credibility of the witnesses, was free to disregard them. Lewis, 911 S.W.2d at 7; see also id.
Additionally, the newspaper articles alone do not overcome the presumption that trial counsel's
conduct fell within the wide range of reasonable professional assistance. Thompson, 9 S.W.3d at
813-14. In fact, the record reflects that while six veniremen acknowledged hearing about the case,
none of them were selected as jurors. Thus, even if we were to find that Robben's trial counsel was
ineffective in failing to request a change of venue, Robben has not demonstrated that the probability
of a different result is sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 693;
Id. at 812. 

 Robben further argues that his attorney should have investigated and interviewed potential
punishment witnesses, investigated Robben's educational and mental health background, and had a
psychological evaluation and IQ test done. However, Strickland does not require trial counsel to
investigate every conceivable line of mitigating evidence, nor does it require defense counsel to
present mitigating evidence at sentencing in every case. Wiggins v. Smith, 539 U.S. 510, 521 (2003);
Freeman, 167 S.W.3d at 117-18. Instead, where the issue is whether trial counsel conducted an
adequate investigation for potential mitigating evidence, "we focus on whether the investigation
supporting counsel's decision not to introduce mitigating evidence of [defendant's] background was
itself reasonable." Wiggins, 539 U.S. at 523.
 Here, nothing in the record shows counsel's trial strategy, what investigation was conducted,
what mitigating evidence, if any, was available, or who was available to testify at the adjudication
hearing. Id. It is impossible to find that trial counsel was deficient in failing to offer evidence that may
not even exist. As a result, counsel's ineffectiveness, if any, is not firmly founded in the record. See
id. (indicating allegation must be firmly founded in the record); see also e.g. Ex parte McFarland,
163 S.W.3d 743, 758 (Tex. Crim. App. 2005) (trial counsel's failure to call a particular witness is
irrelevant unless there is a showing that the witness was available and that the witness's testimony
would have benefitted the accused); Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004)(trial
counsel's failure to investigate will be a basis for establishing ineffective assistance of counsel only
where it is affirmatively shown that the presentation of that evidence would have benefitted
appellant). And although Robben argues that his counsel was deficient in failing to obtain reasonable
bail, counsel's failure to move for a reduction in bail does not constitute ineffective assistance of
counsel. Harling v. State, 899 S.W.2d 9, 13 (Tex. App.--San Antonio1995, pet. ref'd). 

 Because we may not speculate about the reasons for counsel's trial strategy, Robben has failed
to rebut the presumption that counsel made trial decisions based on sound professional judgment. See
Hernandez v. State, 198 S.W.3d 257, 270-71 (Tex. App.--San Antonio 2006, pet. ref'd). C. Robben's Claims Regarding His Confessions and Pleas
 

 Robben also complains that his written and taped confessions should be set aside because they
were not voluntarily given. He argues that he "provided two written confessions during custodial
interrogation without benefit of his Miranda rights," and further, that he would never have signed the
statements had he not been told that by doing so, his case would be no billed, he could go home to his
wife and children, and that he could prevent his then six-year-old daughter from being subjected to an
examination by a sexual assault nurse examiner which would, allegedly, deprive her of her virginity. 

 With respect to Robben's argument that his taped confession should be set aside, no such
recording appears in the record. Tex. R. App. P. 33.1. And notwithstanding Robben's argument that he
was not administered Miranda warnings before giving his written statements, it appears that Miranda
warnings, substantially complying with the statutory requirements, are present on the face of each of
Robben's written statements. Tex. Code Crim. Proc. Ann. art. 38.22. Further, these statements were
not introduced into evidence but were attached to the Pre-Sentence Investigation, apparently without
objection. Tex. R. App. P. 33.1.

 Moreover, although Robben alleges he was induced to give his statements because of various
promises made by both his attorney and law enforcement officers, both of Robben's written statements
contain the following language just above Robben's signature:

 I Give This Statement of My Own Free Will, I Have Not Been Threatened In Any Way,
Or Promised Anything In Return For This Statement. This Statement Is True And
Correct To The Best Of My Knowledge And Belief. I Read And Write The English
Language And I Have Read The Entire Contents Of This Statement Prior To Signing.


In fact, the record contains no evidence supporting Robben's allegations that his confessions were
coerced, other than Robben's own statement which the trial judge was free to disregard. See Alvarado
v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995)(noting that the trial court is the sole judge of the
weight and credibility of the evidence). Thus, we cannot say the trial judge abused his discretion in
refusing to find that Robben's statements were involuntary. See id.

 Robben next complains that his pleas of guilty were involuntary because his attorney induced
him into entering guilty pleas by assuring him she had made a deal with the prosecutor, he would get
probation if he pled guilty, and that a plea of guilty would be like talking to the bailiff once a month. 
Robben further claims he pled guilty because his attorney threatened to withdraw unless he did so, and
would not allow Robben to review the plea papers prior to his signing them. However, the record
reflects that the trial court properly admonished Robben and that Robben indicated, both orally and in
writing, that he understood the nature of his plea and that he had not been coerced into pleading guilty.
This created a prima facie showing that Robben's pleas of guilty were entered knowingly and
voluntarily. Martinez, 981 S.W.2d at 197; Ex parte Gibauitch, 688 S.W.2d 868. As a result, Robben
has a heavy burden to prove on appeal that his pleas were involuntary. Rodriquez, 933 S.W.2d at 706. 


 Here, Robben's uncorroborated statements that he was induced to enter his plea do not
overcome the prima facie showing that he understood his plea or the presumption that he was properly
admonished. See Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd) (holding that defendant's uncorroborated claim that he was misinformed by counsel was not
sufficient to show that guilty plea was involuntary). Therefore, we cannot conclude, based on all the
evidence, that Robben's pleas were involuntary.

 Because the record is undeveloped and Robben has not overcome the strong presumption that
his counsel's conduct fell within the wide range of reasonable professional assistance or met his heavy
burden to prove on appeal that his plea was involuntary, we cannot say that the trial court's denial of
Robben's motion for new trial was an abuse of discretion. Freeman, 167 S.W.3d at 116-117; Gutierrez,
945 S.W.2d at 290; Rodriquez, 933 S.W.2d at 706. 

 Robben's issues raising ineffectiveness of counsel and abuse of the trial court's discretion in
denying his motion for new trial are overruled. 

II. Proportionality of Sentence

 Finally, Robben contends that the "punishment assessed by the court was disproportionate to
the seriousness of the alleged offenses in violation of the Eighth and Fourteenth Amendments of the
United States Constitution."

A. Applicable Law


 The Eighth Amendment to the United States Constitution, applicable to punishments imposed
by state courts through the Due Process Clause of the Fourteenth Amendment, provides that
"[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments
inflicted." U.S. Const. amend. VIII; Robinson v. California, 370 U.S. 660, 657 (1962). Thus, a
criminal sentence should be proportionate to the crime for which a defendant has been convicted. Solem
v. Helm, 463 U.S. 277, 290 (1983); see also Baldridge v. State, 77 S.W.3d 890, 893 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd) (stating that Eighth Amendment has narrow
proportionality principle). Generally, a sentence falling within the range of punishment for an offense
set by statute does not violate the Eighth and Fourteenth Amendments of the United States
Constitution's prohibition against cruel and unusual punishment. Harris v. State, 656 S.W.2d 481, 486
(Tex. Crim. App. 1983). Nevertheless, in Solem, the United States Supreme Court adopted a three-part
test for proportionality review under the Eighth Amendment which requires that the proportionality of
a sentence be evaluated by considering: (1) the gravity of the offense and the harshness of the penalty;
(2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed
for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 277-78; see also Ajisebutu
v. State, 236 S.W.3d 309, 315 (Tex. App.--Houston [1st Dist.] 2007, pet. ref'd). Only upon a
determination that a sentence is grossly disproportionate to the offense does an appellate court consider
the remaining two factors. Id.

B. Discussion


 With respect to the first prong of the Solem test, Robben argues that his punishment was
disproportionate to "the seriousness of the alleged offenses." We disagree. Here, Robben was charged
with three counts of aggravated sexual assault and four counts of indecency with a child. These are
indeed serious offenses for which the legislature has appropriately mandated the following punishment:
imprisonment in the institutional division for life or for any term of not more than 99 years or less than
5 years and a fine not to exceed $10,000; and confinement for not less than two years or more than
twenty years and a fine not to exceed $10,000. Tex. Penal Code Ann. §§ 12.32, 12.33 (Vernon 2003). 

 And while Robben received the maximum sentence for each of the offenses, with the sentences
running consecutively, the record reflects that two of the victims were Robben's own children, who
were five and six years old. Robben admitted to bathing nude with his five-year-old daughter, allowing
her to rub his penis, and "feeling around on her vagina" while he maintained an erection. Although
Robben claims he stopped because he realized what he was doing was wrong, he also admitted to
committing subsequent illegal acts against his daughter on at least two other occasions. Robben further
admitted he allowed his six-year-old son to touch Robben's penis on three different occasions,
including one occasion when Robben encouraged his son to put Robben's penis in his mouth. Robben
minimized his culpability for this offense by stating that his six-year-old "enjoyed himself." Robben's
son also reported that Robben "pulled out his weiner and put it in [his] bottom" on numerous occasions
and that several times when he was hiding from his father to avoid being abused, he witnessed Robben
then seek out his younger sister and abuse her in the same fashion. Robben's son was also overheard
telling a friend that his dad made him "put his mouth on his weine." 

 Additionally, there was evidence that the children had significant trauma and required extensive
therapy as a result of the sexual abuse inflicted upon them by their own father, and that one of the
children required hospitalization in a psychiatric hospital. Both children had demonstrated attempts to
harm themselves, including incidents of self-mutilation and smearing feces all over the bathroom.
Moreover, there was evidence Robben had sexually assaulted other children as well.

 Finally, during the punishment phase of the trial, the trial judge stated the following: 

 Mr. Robben, I have been doing this for about 18 years and this is about as bad as I have
heard in 18 years of being on the bench. You have destroyed at least two lives that we
know of, your daughter and your son. They will never be the same. It doesn't matter
how much therapy they have, how much love that somebody else tries to give them, they
are never going to be the same, pretty much ruined their lives. 


The trial judge's comment evidences the fact that Robben's crimes were indeed serious and while the
punishment was harsh, it was not unwarranted. Solem, 463 U.S. at 292. Having considered the
foregoing evidence, we cannot say the trial court's determination was disproportionate to the conduct
proven in this case. Id. Accordingly, we need not address the remaining Solem factors. Ajisebutu, 236
S.W.3d at 315.

 Robben's issue is overruled.

 III. Conclusion


 Finding no error in the record before us, we affirm the trial court's judgments.

 

 Karen Angelini, Justice

Do Not Publish