COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-10-00076-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 168th District Court |
| | § | |
| RODOLFO RANGEL, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20090D01614) |
| | § | |

## O P I N I O N

The State of Texas appeals from an order suppressing Rodolfo Rangel's written statement. For the reasons that follow, we reverse.

### FACTUAL SUMMARY

A grand jury indicted Rangel for unlawful possession of more than fifty pounds but less than 2,000 pounds of marihuana. Rangel filed a motion to suppress his written statement alleging, among other things, that the statement did not comply with Article 38.22, § 2 because the warnings were not set forth in the body of the written statement. Rangel argued at the suppression hearing that the warnings could not be contained in a separate document or card.

The two-page statement consists of two paragraphs and Rangel's initials, "R.R.", are found at the beginning and end of each paragraph as well as at the bottom of the first page. The statement reflects on its face that it was begun at 5:40 p.m. on March 5, 2009 and Rangel signed it at 7:05 p.m. The first paragraph of the written statement states:

My name is Rodolfo Rangel. I am 17 years old and I am at the Pebble Hills Regional Command Center speaking with Officer C. McBain about an incident that happened today (03/05/2009). I am in an office with my right hand cuffed to a chair so I am

able to write with my left hand.  I am comfortable and have been offered water and the bathroom, I only need a drink of water at this time.  I am in the 11th grade and I read and write in the English language.  I attend Tejas School of Choice at this time. I have been read my Miranda rights and have read them over and initialled, signed, dated, and put the time of 5:40 p.m. on the Miranda card.  I fully understand my rights and want to give Officer McBain a statement about what happened today.  I have not been promised anything in return for this statement.

The parties agree that a card containing the Article 38.22, § 2 warnings was paper-clipped to the written statement.  The card, which is entitled "WARNINGS TO BE GIVEN BEFORE QUESTIONS" reads as follows:

1.  You have the right to remain silent and not make any statement at all and any statement you make may be used against you at trial;

2.  Any statement you make may be used as evidence against you in court;

3.  You have the right to have a lawyer present to advise you prior to and during any questions;

4.  If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questions;

5.  You have the right to terminate the interview at any time;

6. If you are not a United States citizen, you have the right to contact your Consulate.

I understand my rights and I hereby knowingly, intelligently, and voluntarily waive these rights.

Appellant's initials are found to the left of each of the six warnings and his signature is located at the bottom of the card along with the hand-written notation "3/5/09 5:40 p.m." which coincides with the date and time reflected at the beginning of the written statement and with Appellant's recitation in the body of the statement that he had read the warnings, initialed, signed, dated, and put the time of 5:40 p.m. on the *Miranda* card.  The trial court granted Rangel's motion to suppress his written statement without making written findings of fact or conclusions of law.  The State appeals.

**COMPLIANCE WITH ARTICLE 38.22**

In its sole issue, the State contends that the trial erred by concluding that the written statement did not comply with Article 38.22, § 2. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). In this case, we will engage in a *de novo* review because the facts are undisputed. *See State v. Sheppard*, 271 S.W.3d 281, 286 (Tex.Crim.App. 2008).

Article 38.22, § 2 of the Code of Criminal Procedure provides that:

No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2 (West 2005).

The State argues that the warnings card and written statement constitute a single instrument admitted into evidence as State's Exhibit 1, and therefore, the written statement reflects on its face that the required warnings were received by Rangel and waived before he made the statement in compliance with Article 38.22, § 2. The San Antonio Court of Appeals has held that the written warnings need not be included in the body of the written statement where the warnings were attached and the evidence showed that the warnings had been given to the defendant prior to making the written statement. *See Morales v. State*, No. 04-98-00616-CR, 1999 WL 792418 at *2 (Tex.App.--San Antonio Oct. 6, 1999, pet. ref'd)(not designated for publication); *Sorola v. State*, 674 S.W.2d 809, 811 (Tex.App.--San Antonio 1984), *aff'd on other grounds*, 693 S.W.2d 417 (Tex.Crim.App. 1985). Similarly, the Dallas Court of Appeals held in *Seitz v. State* that the written statement complied with Article 38.22, § 2 where the written statutory warnings were attached to the written statement. *Seitz v. State*, No. 05-92-01951-CR, 1997 WL 644080 at *13 (Tex.App.--Dallas Oct. 20, 1997, pet. ref'd)(not designated for publication). Finally, in *Laca v. State*, this Court held that the State established compliance with Article 38.22, § 2 where a *Miranda* card signed by the defendant was attached to his written statement and the written statement recited that the defendant had received the warnings. *Laca v. State*, 893 S.W.2d 171, 179 (Tex.App.--El Paso 1995, pet. ref'd).

Rangel seeks to distinguish the authorities relied on by the State on the ground that the *Miranda* card was not attached to the written statement. The record of the suppression hearing reflects that the State offered into evidence State's Exhibit 1 which consisted of the written statement and the warnings card attached to it by a paper clip. Rangel did not object to admission of State's

Exhibit 1 but he pointed out that the warnings card was "not really attached" because it was not stapled to the statement. He agreed, however, that the warnings card was clipped to the written statement. Rangel's sole argument at the hearing was that Article 38.22, § 2 requires that the warnings be set forth in the body of the written statement.

Regardless of whether a staple or paper clip was used, the record reflects that the warnings card was attached to the written statement and the document was admitted at the hearing as a single exhibit. In the written statement, Rangel expressly references the warnings card and states that he had read his rights and understood them, he had placed his initials next to each right, and he had signed the warnings card at 5:40 p.m. which coincides with the time written on the face of the card next to Rangel's signature. Under these circumstances, we find that the State established compliance with Article 38.22, § 2. We sustain the sole issue presented on appeal and reverse the trial court's order granting Rangel's motion to suppress the written statement.

May 4, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)