COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





THE STATE OF TEXAS,

                                    Appellant,

v.

RODOLFO RANGEL,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00076-CR

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 20090D01614)



 

 

 




O P I N I O N

            The State of Texas appeals from an order suppressing Rodolfo Rangel’s written statement. 
For the reasons that follow, we reverse.
FACTUAL SUMMARY
            A grand jury indicted Rangel for unlawful possession of more than fifty pounds but less than
2,000 pounds of marihuana. Rangel filed a motion to suppress his written statement alleging, among
other things, that the statement did not comply with Article 38.22, § 2 because the warnings were
not set forth in the body of the written statement. Rangel argued at the suppression hearing that the
warnings could not be contained in a separate document or card.
            The two-page statement consists of two paragraphs and Rangel’s initials, “R.R.”, are found
at the beginning and end of each paragraph as well as at the bottom of the first page. The statement
reflects on its face that it was begun at 5:40 p.m. on March 5, 2009 and Rangel signed it at 7:05 p.m. 
The first paragraph of the written statement states:
My name is Rodolfo Rangel. I am 17 years old and I am at the Pebble Hills Regional
Command Center speaking with Officer C. McBain about an incident that happened
today (03/05/2009). I am in an office with my right hand cuffed to a chair so I am
able to write with my left hand. I am comfortable and have been offered water and
the bathroom, I only need a drink of water at this time. I am in the 11th grade and I
read and write in the English language. I attend Tejas School of Choice at this time. 
I have been read my Miranda rights and have read them over and initialled, signed,
dated, and put the time of 5:40 p.m. on the Miranda card. I fully understand my
rights and want to give Officer McBain a statement about what happened today. I
have not been promised anything in return for this statement. 

The parties agree that a card containing the Article 38.22, § 2 warnings was paper-clipped to the
written statement. The card, which is entitled “WARNINGS TO BE GIVEN BEFORE
QUESTIONS” reads as follows:
1. You have the right to remain silent and not make any statement at all and any
statement you make may be used against you at trial;
 
2. Any statement you make may be used as evidence against you in court;
 
3. You have the right to have a lawyer present to advise you prior to and during any
questions;
 
4. If you are unable to employ a lawyer, you have the right to have a lawyer
appointed to advise you prior to and during any questions;
 
5. You have the right to terminate the interview at any time;
 
6. If you are not a United States citizen, you have the right to contact your Consulate. 
 
I understand my rights and I hereby knowingly, intelligently, and voluntarily waive
these rights. 

Appellant’s initials are found to the left of each of the six warnings and his signature is located at
the bottom of the card along with the hand-written notation “3/5/09 5:40 p.m.” which coincides with
the date and time reflected at the beginning of the written statement and with Appellant’s recitation
in the body of the statement that he had read the warnings, initialed, signed, dated, and put the time
of 5:40 p.m. on the Miranda card. The trial court granted Rangel’s motion to suppress his written
statement without making written findings of fact or conclusions of law. The State appeals.
COMPLIANCE WITH ARTICLE 38.22
            In its sole issue, the State contends that the trial erred by concluding that the written
statement did not comply with Article 38.22, § 2. We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review. Amador v. State, 221 S.W.3d 666, 673
(Tex.Crim.App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We give almost
total deference to a trial court’s rulings on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and demeanor. Amador, 221
S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). In this case, we will
engage in a de novo review because the facts are undisputed. See State v. Sheppard, 271 S.W.3d
281, 286 (Tex.Crim.App. 2008).
            Article 38.22, § 2 of the Code of Criminal Procedure provides that:
No written statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is shown on
the face of the statement that:
 
(a) the accused, prior to making the statement, either received from a magistrate the
warning provided in Article 15.17 of this code or received from the person to whom
the statement is made a warning that:
 
(1) he has the right to remain silent and not make any statement at all
and that any statement he makes may be used against him at his trial;
 
(2) any statement he makes may be used as evidence against him in
court;
 
(3) he has the right to have a lawyer present to advise him prior to
and during any questioning;
 
(4) if he is unable to employ a lawyer, he has the right to have a
lawyer appointed to advise him prior to and during any questioning;
and
 
(5) he has the right to terminate the interview at any time; and
 
(b) the accused, prior to and during the making of the statement, knowingly,
intelligently, and voluntarily waived the rights set out in the warning prescribed by
Subsection (a) of this section.

Tex.Code Crim.Proc.Ann. art. 38.22, § 2 (West 2005). 
            The State argues that the warnings card and written statement constitute a single instrument
admitted into evidence as State’s Exhibit 1, and therefore, the written statement reflects on its face
that the required warnings were received by Rangel and waived before he made the statement in
compliance with Article 38.22, § 2. The San Antonio Court of Appeals has held that the written
warnings need not be included in the body of the written statement where the warnings were attached
and the evidence showed that the warnings had been given to the defendant prior to making the
written statement. See Morales v. State, No. 04-98-00616-CR, 1999 WL 792418 at *2 (Tex.App.--San Antonio Oct. 6, 1999, pet. ref’d)(not designated for publication); Sorola v. State, 674 S.W.2d
809, 811 (Tex.App.--San Antonio 1984), aff’d on other grounds, 693 S.W.2d 417 (Tex.Crim.App.
1985). Similarly, the Dallas Court of Appeals held in Seitz v. State that the written statement
complied with Article 38.22, § 2 where the written statutory warnings were attached to the written
statement. Seitz v. State, No. 05-92-01951-CR, 1997 WL 644080 at *13 (Tex.App.--Dallas Oct. 20,
1997, pet. ref’d)(not designated for publication). Finally, in Laca v. State, this Court held that the
State established compliance with Article 38.22, § 2 where a Miranda card signed by the defendant
was attached to his written statement and the written statement recited that the defendant had
received the warnings. Laca v. State, 893 S.W.2d 171, 179 (Tex.App.--El Paso 1995, pet. ref’d).
            Rangel seeks to distinguish the authorities relied on by the State on the ground that the
Miranda card was not attached to the written statement. The record of the suppression hearing
reflects that the State offered into evidence State’s Exhibit 1 which consisted of the written statement
and the warnings card attached to it by a paper clip. Rangel did not object to admission of State’s
Exhibit 1 but he pointed out that the warnings card was “not really attached” because it was not
stapled to the statement. He agreed, however, that the warnings card was clipped to the written
statement. Rangel’s sole argument at the hearing was that Article 38.22, § 2 requires that the
warnings be set forth in the body of the written statement.
            Regardless of whether a staple or paper clip was used, the record reflects that the warnings
card was attached to the written statement and the document was admitted at the hearing as a single
exhibit. In the written statement, Rangel expressly references the warnings card and states that he
had read his rights and understood them, he had placed his initials next to each right, and he had
signed the warnings card at 5:40 p.m. which coincides with the time written on the face of the card
next to Rangel’s signature. Under these circumstances, we find that the State established compliance
with Article 38.22, § 2. We sustain the sole issue presented on appeal and reverse the trial court’s
order granting Rangel’s motion to suppress the written statement. 

May 4, 2011                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)