

**NUMBER 13-10-00343-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**OSVALDO ESTRADA TORRES,**                                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                                 **Appellee.**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

A jury found appellant Osvaldo Estrada Torres guilty of the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2003). The trial court assessed punishment at fifteen years in the Texas Department of Criminal Justice, Institutional Division. By one issue, Torres contends that the trial court erred in denying his motion to suppress. We affirm.

## I. STANDARD OF REVIEW

Generally, we review the trial court's ruling on a motion to suppress evidence for an abuse of discretion, using a bifurcated standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997) (en banc); *see also Urbina v. State*, No. 13-08-00562-CR, 2010 Tex. App. LEXIS 6728, *3-7 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. ref'd) (mem. op., not designated for publication) (same). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman*, 995 S.W.2d at 89). "At a hearing on a motion to suppress, the trial court is the sole and exclusive trier of fact and judge of the credibility of witnesses as well as the weight to be given their testimony." *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). As such, "the trial judge may choose to believe or disbelieve any or all of a witness's testimony." *Id.* When the trial court has not made a finding on a relevant fact, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); *see Moran v. State*, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007). We review de novo "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Amador*, 221 S.W.3d at 673 (citing *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006)); *Guzman*, 995 S.W.2d at 89.

Under an abuse of discretion standard, we view the record in the light most favorable to the trial court's conclusion and will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to

the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We will reverse the judgment only if it is outside the zone of reasonable disagreement. *Id.*

## II. DISCUSSION

In this case, Torres claims that the police induced him to give a confession. *See* TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005) ("A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion . . . ."). However, the only evidence that supports Torres's claims is his own testimony, all of which conflicts with testimony provided by Detective Sergio Perez, the investigator who took Torres's confession.

At the hearing, Detective Perez testified that he told Torres that he was investigating a burglary in which Torres was implicated. After Detective Perez informed Torres of his *Miranda* rights, Torres confessed. And although Torres testified that he was promised he would not be arrested in exchange for his statement implicating other individuals and that "[t]hey threatened to take [his] wife and stepdad and call [Child Protective Services] and take [his] little daughter" unless he cooperated, Detective Perez testified that the only "inducement" he offered Torres for his confession was that he would inform the District Attorney of Torres's cooperation in the case. *See Garcia v. State*, 919 S.W.2d 370, 388 (Tex. Crim. App. 1996) (citing *Sorola v. State*, 674 S.W.2d 809, 812 (Tex. App.—San Antonio 1984), *aff'd,* 693 S.W.2d 417 (Tex. Crim. App. 1985)) (relying on the *Sorola* holding that the mere fact that the police officer told appellant he would inform the district attorney as to his cooperation or lack of same was not a promise so as to render appellant's confession inadmissible).

After judging the credibility and demeanor of Torres and Detective Perez and the

3

weight to be given their testimony, the trial court determined that Torres's confession was voluntary and denied his motion to suppress. *See Garza*, 213 S.W.3d at 346. Because the trial court's decision turned on its evaluation of the credibility and demeanor of the witnesses in this case, we defer to the trial court's decision to give credence to Detective Perez's testimony. *See Amador*, 221 S.W.3d at 673. In this case, the record supports the trial court's implied findings that Torres was neither promised anything nor threatened with anything in exchange for his confession and that he gave it voluntarily.[1] *See Kelly*, 204 S.W.3d at 818-19.

Viewing the record in the light most favorable to the trial court's conclusion, we conclude that the trial court's decision to deny the motion to suppress is within the zone of reasonable disagreement. *See Dixon*, 206 S.W.3d at 590. The trial court did not abuse its discretion when it denied Torres's motion to suppress. *See id.* We overrule Torres's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of August, 2011.

---

[1] Torres cites to *Rogers v. Richmond* in support of his argument. In *Rogers*, the petitioner made claims similar to Torres's claims in challenging the voluntariness of his confession. *See* 365 U.S. 534, 535-41 (1961). However, the United States Supreme Court reversed and remanded the case to the court of appeals because the trial court violated due process by considering the probable reliability of the confession in determining that it was voluntary. *Id.* at 543-44. Here, Torres has pointed to nothing in the record to indicate that the trial court took into account the probable truth or falsity of his confession in determining its voluntariness. Therefore, *Rogers* is distinguishable from the present case and provides no support for Torres's contentions.

4